**Hearing Date: November 26, 2018 at 1:30 p.m.**
**Objection Deadline: November 5, 2018 at 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC. d/b/a FEGS, | Case No. 15-71074 (REG) |
| Debtor. | |
| ROBERT N. MICHAELSON, solely in his capacity as CREDITOR TRUSTEE OF THE FEGS CREDITOR TRUST, | Adv. Proc. No. 17-08054 (REG) |
| Plaintiff, | |
| vs. | |
| DISTINCTIVE WORKFORCE SOLUTIONS, | |
| Defendant. | |

## NOTICE OF HEARING ON THE MOTION OF
## THE TRUSTEE OF THE FEGS CREDITOR TRUST,
## PURSUANT TO FED. R. BANKR. P. 9019, FOR ENTRY OF AN ORDER
## APPROVING SETTLEMENT WITH DISTINCTIVE WORKFORCE SOLUTIONS

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Motion Of The Trustee of the FEGS Creditor Trust, Pursuant To Fed. R. Bankr. P. 9019, For Entry Of An Order Approving Settlement* (the "Motion") filed by the Trustee of the FEGS Creditor Trust will be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, on **November 26, 2018 at 1:30 p.m.** (prevailing Eastern Time), or as soon thereafter as counsel can be heard, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, NY 11722.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York, must be set forth in a

writing describing the basis therefor and must be filed with the Court electronically in accordance with any applicable General Order and/or Local Bankruptcy Rule of the United States Bankruptcy Court for the Eastern District of New York and served upon the following so as to be received no later than **November 5, 2018 at 5:00 p.m.**: Pachulski, Stang, Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn.: Ilan D. Scharf, Esq. Only those replies made in writing and timely filed and received will be considered at the Hearing.  Any such response must state with specificity the reason or reasons why the relief requested in the Motion should not be granted.


Dated: New York, New York
      October 11, 2018

                                */s/ Jeffrey P. Nolan*
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777

Counsel to, Robert N. Michaelson, Creditor Trustee
Of The FEGS Creditor Trust

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC. d/b/a FEGS, | Case No. 15-71074 (REG) |
| Debtor. | |
| ROBERT N. MICHAELSON, solely in his capacity as CREDITOR TRUSTEE OF THE FEGS CREDITOR TRUST, | Adv. Proc. No. 17-08054 (REG) |
| Plaintiff, | |
| vs. | |
| DISTINCTIVE WORKFORCE SOLUTIONS, | |
| Defendant. | |

### MOTION OF THE TRUSTEE OF THE FEGS CREDITOR TRUST, PURSUANT TO FED. R. BANKR. P. 9019, FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH DISTINCTIVE WORKFORCE SOLUTIONS

The Trustee of the FEGS Creditor Trust ("Trustee") of Federation Employment and Guidance Service, Inc. d/b/a "FEGS" (the "Debtor"), hereby moves this Court (the "Motion") for entry of an order approving the compromise and settlement of the preference action against and claims asserted against Defendant Distinctive Workforce Solutions (the "Defendant") pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").  A true and correct copy of the settlement agreement (the "Agreement") is attached hereto as **Exhibit A** and incorporated herein by reference for all purposes.  In support of the Motion, the Trustee respectfully states as follows:

## Jurisdiction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and rule predicates for the relief sought in this Motion are sections 105(a) and 363 of chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Bankruptcy Rules.

## Background

3.      On March 18, 2015 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Case") by filing a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

4.      Prior to the Petition Date, the Debtor was a not-for-profit health and human services organization which provided a broad range of health and social services to individuals in the areas of behavioral health, disabilities, housing, home care, employment/workforce, education, youth and family services.

5.      On March 31, 2015, the United States Trustee for Region 2 appointed the Official Committee of Unsecured Creditors of Federation Employment and Guidance Service, Inc. (the "Committee") pursuant to § 1102 of the Bankruptcy Code.

6.      On February 23, 2017, the Bankruptcy Court approved the *Stipulation and Order Authorizing Official Committee Of Unsecured Creditors To Prosecute Claims on Behalf of the Estate* (the "Standing Stipulation") [Docket no. 813].  Pursuant to the Standing Stipulation, the Committee was, among other things, authorized to commence and prosecute claims to recover preferential payments, including the Adversary Proceeding (as defined below).

7.     On or about March 16, 2017, the Committee filed its complaint (the "Complaint") against the Defendant with the Bankruptcy Court, designated as Adversary Proceeding No. 8:17-08054-REG (the "Adversary Proceeding").    The Complaint sought to recover alleged preferential transfers under applicable provisions of the Bankruptcy Code in the amount of $462,697.11 (the "Transfers").

8.     The Defendant filed an answer to the Complaint on April 16, 2017.

9.     The Defendant did not file any claims in the Bankruptcy Case.

10.     On February 6, 2018, pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Federation Employment and Guidance Service, Inc. d/b/a FEGS* [Docket no. 1050] (the "Confirmation Order"), the Plan (as defined in the Confirmation Order) was confirmed, a Creditor Trust Agreement was entered, and the Trustee was appointed to implement and oversee the Creditor Trust and the terms of the Creditor Trust Agreement, the Plan and Confirmation Order.    Robert N. Michaelson was appointed as the Trustee.    The Trustee engaged Pachulski Stang Ziehl & Jones LLP as its counsel.

11.     On March 1, 2018, the Plan became effective.    As of the effective date of the Plan, all of the estate's right, title and interest in the Creditor Trust Assets (as defined in the Plan), including any Creditor Trusts Claims (as defined in the Plan) being prosecuted by the Committee on behalf of the Debtor's estate prior to the Effective Date (including the present Adversary Proceeding), were transferred to the Creditor Trust pursuant to the Plan.

## **Settlement Details**

12.     Prior to the Petition Date, Defendant entered into a Vendor Management Agreement with the Debtor wherein it was to select, retain and consult with the Debtor as its sole provider of workforce management services for a myriad of locations throughout the New York City Metropolitan area.  Defendant utilized its expertise to establish and manage its proprietary cloud based software program entitled "Manage-Write" to coordinate, staff and schedule temporary employees at the Debtor's various locations.  Following the parties' attendance at mediation, the parties reached a compromise of the Adversary Proceeding.

13.     Negotiations were conducted thereafter at arm's length and in good faith. The Defendant and the Trustee entered into the Agreement, the terms of which are summarized below, and are subject to Court approval.[1]

14.     Defendant will pay the Trustee $50,000.00, as paid in installment payments and secured by a stipulated consent judgment in the amount of $100,000.  The Defendant will waive any claim pursuant to 11 U.S.C. § 502(h).  The parties will exchange releases of all claims and causes of action in connection with the Complaint, the alleged Transfers as more specifically set forth in the Agreement, and the Adversary Proceeding will be dismissed with prejudice.

---

[1] The terms of the Agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Agreement.  In the event that there are any inconsistencies between this summary and the actual terms of the Agreement, the language set forth in the Agreement shall control.

## Relief Requested

15.     By this Motion, the Trustee seeks approval of the Agreement.

## Basis for Relief

16.     Federal Rule of Bankruptcy Procedure 9019(a) proves that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." In approving a settlement, a court must "review the reasonableness of the proposed settlement [and] . . . make an informed judgment as to whether the settlement is fair and equitable and in the best interests of the estate." *In re Worldcom, Inc*., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); see also A*ir Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426 (S.D.N.Y. 1993). The Court, however, need not "conduct a 'mini trial' on the issue.  The Court need only 'canvass the issues' to determine if the 'settlement falls below the lowest point in the range of reasonableness.'" *Worldcom*, 347 B.R. at 137 (quoting *In re Teltronics. Serv., Inc*., 762 F.2d 185, 189 (2d Cir. 1985)).

17.     The factors to consider in approving a settlement include: (1) the balance between the litigations possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining. *Fjord v. AMR Corp.*

*(In re AMR Corp.)*, 502 B.R. 23, 43 (Bankr. S.D.N.Y. 2013) (citing *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007)).

18.     Moreover, settlements should be approved if they fall above the lowest point of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants, but rather, to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.,* 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). It is not necessary to conduct a "mini-trial" of the facts or the merits of the underlying dispute. *In re Adelphia Communs. Corp.*, 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007). "Rather, the court only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment about the settlement. In doing so, the court is permitted to rely upon opinions of the trustee, the parties, and their attorneys". *Id.* at 226. Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

19.     Settlements or compromises are favored and encouraged in bankruptcy "[I]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *In re Adelphia Communs. Corp.*, 368 B.R. at 226 (quoting *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct.

1157, 20 L. Ed. 2d 1 (1968)).  "The decision whether to accept or reject a compromise lies within the sound discretion of the court."  *Adelphia,* 368 B.R. at 226.

20. The settlement with the Defendant was reached after the parties attended a court approved mediation before a neutral third party.  The adversary involved litigation of contested fact and legal issues.  Defendant disputed it was the "initial transferee" as a matter of law pursuant to 11 U.S.C. §550(a)(1), as they paid third party staffing companies subsequent to receipt of payment from the Debtor. Assuming it was the initial transferee, Defendant contends it has a complete defense under the ordinary course of business defense.  The settlement brings money into the estate, expressly waives the 502(h) claim without creating further paperwork, and resolves the associated risk and costs of further litigation.

21.    Given the risks in litigation, the limited upside given the potential application of some defenses, and issues regarding collectability should the Plaintiff collect a judgment, the Trustee exercised his business that  the proposed settlement is in the best interests of the Trust and its creditors.  Accordingly, the Trustee believes that this Court should approve the Agreement.

### <u>Notice</u>

22.    Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002; (c) the Debtor; and (d) the Defendant.

**Conclusion**

WHEREFORE, the Trustee respectfully requests that this Court enter the attached

order granting the Motion approving the Agreement to and grant such other and further relief as

the Court deems just and equitable.


Dated: New York, New York
          October 11, 2018

                       _/s/ Jeffrey P. Nolan_____
                       Ilan D. Scharf, Esq.
                       Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
                       PACHULSKI STANG ZIEHL & JONES LLP
                       780 Third Avenue, 34th Floor
                       New York, New York 10017
                       Telephone:    (212) 561-7700
                       Facsimile:     (212) 561-7777

                       Counsel to Robert N. Michaelson, Creditor
                       Trustee of The FEGS Creditor Trust

## **EXHIBIT A**

SETTLEMENT AGREEMENT WITH DISTINCTIVE WORKFORCE SOLUTIONS

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into between the Robert N. Michaelson ("Plaintiff" or the "Creditor Trustee") solely in his capacity as Creditor Trustee of the Creditor Trust (each as defined in the Plan) on the one side, and Employee Leasing of Greater New York, LLC. d/b/a Distinctive Workforce Solutions (the "Company" or the "Defendant") on the other side (the Plaintiff and the Defendant, each a "Party" and, together, the "Parties").

### I.    RECITALS

A.    On March 18, 2015 (the "Petition Date") Federation Employment and Guidance Service, Inc. (the "Debtor") filed a petition with the United States Bankruptcy Court for the, Eastern District of New York (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code, Case No. 15-71074 (REG) (the "Bankruptcy Case"). The Debtor operated its business and managed its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

B.    On or about March 31, 2015, the Official Committee of Unsecured Creditors was appointed in the Debtor's chapter 11 case by the office of the United States Trustee. The United States Trustee appointed the Committee to represent FEGS's unsecured creditors pursuant to 11 U.S.C. § 1102(a)(1). [Docket No. 105].

C.    On February 23, 2017, the Court entered its *Stipulation and Order Authorizing Official Committee of Unsecured Creditors to Prosecute Certain Claims on Behalf of the Estate* [Docket No. 813] (the "Standing Stipulation").

D.    The Committee was granted the standing and authority to commence, prosecute, settle, and recover preferential transfers (the "Preference Claims") on behalf of, and for the benefit of the Debtor's estate, subject to notice and/or approval of the Bankruptcy Court.

E.    The Company did not file any claims in the Bankruptcy Cases.

F.    On or about March 16, 2017, the Committee filed a complaint (the "Complaint") against the Company with the Bankruptcy Court, designated as Adversary Proceeding No. 17-08054 (REG) (the "Adversary Proceeding"). The Complaint seeks to recover alleged preferential transfers under applicable provisions of the Bankruptcy Code in the amount of $462,697.10 (the "Transfers"). On or about April 16, 2017, the Defendant filed its Answer.

G.    On February 6, 2018, pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Federation Employment and Guidance Service, Inc. d/b/a FEGS* [Docket no. 1050] (the "Confirmation Order") was confirmed, a Creditor Trust Agreement was executed, and the Creditor Trustee was appointed to implement and oversee the Creditor Trust and the terms of the Creditor Trust Agreement, the Plan and the Confirmation Order. All of the estate's right, title and interest in the Creditor Trust Assets, including any Creditor Trusts claims being prosecuted by the Committee on behalf of the Debtor's estate prior to the Effective Date, which includes the

Adversary Proceeding, were transferred to the Creditor Trust pursuant to the Plan (as defined in the Confirmation Order). Robert N. Michaelson was appointed as the Creditor Trustee.

H.    On September 20, 2018, the parties attended a court-sanctioned mediation at which time a settlement or compromise was reached of the Adversary Proceeding subject to documentation.

**NOW, THEREFORE**, after good faith, arm's-length negotiations between the Parties and in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the Parties, the Parties hereto agree as follows:

## II.    AGREEMENT

1.    **Recitals.**  The recitals contained in paragraphs A through H above are an integral part of this Agreement and are incorporated herein by reference.

2.    **Rules of Construction.**  The following rules of construction govern and apply to the interpretation and construction of this Agreement:

2.1    Whenever the name of the Plaintiff and/or the Trustee is used, it includes all current and former agents, employees, members, successors and assigns, as applicable, and each in such capacity.

2.2    Whenever the name of the Company is used, it includes parents, subsidiaries, and affiliated entities disclosed herein.

2.3    The headings of the sections of this Agreement are intended only as a guide and are not intended, and should not be construed, as controlling, enlarging, restricting, explaining or modifying, in any manner, the language or meaning of those sections or subsections.

3.    **Settlement Effective Date**.  The effective date of this Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) the date an order approving this Agreement is entered by the Court, or (iii) full payment of the Settlement Amount (the "Settlement Effective Date"). The Creditor Trustee shall file a motion seeking Court approval of this Agreement and the settlement described herein.

4.    **Settlement Payment.**  Upon execution of this Agreement by all Parties (the "Payment Deadline Date"), the Company shall pay in good and sufficient funds the sum of Fifty Thousand Dollars (US $50,000.00) (the "Settlement Payment") in accordance with the following payment schedule:

$10,000.00 -    Due upon execution of the Settlement Agreement
$10,000.00 -    Received on or before November 15, 2018
$10,000.00-    Received on or before December 15, 2018
$10,000.00 -    Received on or before January 15, 2019
$10,000.00 -    Received on or before February 15, 2019 (the Final Installment")

The wire instructions are as follows:

| | |
|---|---|
| Account Name: | Pachulski Stang Ziehl & Jones LLP |
| Bank Name: | City National Bank |
| ABA Number: | 026013958 |
| Bank Acct Num. | 665236404 |

Or if by check, made payable to "Pachulski Stang Ziehl & Jones et al. in Trust for the FEGS Creditor Trust," and delivering said business or cashier's check to the Creditor Trustee's counsel of record, Jeffrey P. Nolan, Esq., Pachulski, Stang Ziehl & Jones, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, California 90067.

The Company will make the Payments to the Creditor Trustee in accordance with this Settlement Agreement. If the Payments are not timely received, the Creditor Trustee may move to take default and enter the Stipulated Consent Judgment pursuant to the terms, cure and notice provisions contained therein and which are incorporated by reference.

5.      **502(h) Waiver**. As of the Settlement Effective Date, the Company hereby waives and agrees that it shall not recover any amounts from the Debtor's estate by virtue of any claim the Company may be entitled to file in connection with this Agreement under section 502(h) of the Bankruptcy Code.

6.      **Dismissal of Adversary Proceeding**. Within fourteen (14) days of the Settlement Effective Date, the Parties will file a stipulation with the Bankruptcy Court dismissing the Complaint and Adversary Proceeding with prejudice and without cost to either side.

7.      **Plaintiff's Release**. On the Settlement Effective Date, without the need for additional documentation or the entry of any additional orders, except as expressly provided in this Agreement, Plaintiff, in his capacity as the Creditor Trustee and on behalf of the Debtor and its bankruptcy estate and any other person or entity that claims or might claim through, on behalf of, or for the benefit of the Creditor Trustee, the Debtor or the Debtor's bankruptcy estate, (collectively, the "Plaintiff Releasors"), shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Defendant and its successors in interest from any and all manner of actions, causes of action, suits, costs, debts, liabilities, obligations, damages, judgments, executions, claims and demands, of whatever kind or nature, pertaining to any and all claims and causes of action that were asserted or could have been asserted in the Adversary Proceeding and any other claims expressly waived by the Creditor Trustee under the terms of the Agreement (the "Plaintiff Released Claims").

8.      **Defendant's Release**. On the Settlement Effective Date, Defendant, without the need for additional documentation or the entry of any additional orders, except as expressly provided in this Agreement, on behalf of itself and any other person or entity that claims or might claim through, on behalf of, or for the benefit of Defendant (collectively, the "Defendant Releasors"), shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Plaintiff Releasors from [any and all claims, including the 502(h) claim, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, damages, judgments, executions, claims and demands, of whatever kind or nature,

pertaining to any claims or defenses that were asserted (or could have been asserted) in the Adversary Proceeding and or any other claims expressly waived by the Defendant under the terms of the Agreement (the "Defendant Released Claims").

9.    **Covenant Not to Sue.**  Each Party hereby covenant and agree that they will forever refrain and forbear from commencing, instituting or prosecuting any lawsuit action or other proceeding against each other, based on, arising out of, or in connection with the Plaintiff Released Claims and the Defendant Released Claims.  Notwithstanding the foregoing, nothing contained in this Agreement shall preclude the Creditor Trustee or the Company from exercising their respective rights in the event the other Party breaches any of its obligations under this Agreement.

10.    **No Admission.**  Each Party expressly recognizes that neither this Agreement, nor any other action taken to comply with this Agreement represents an admission of liability or responsibility on the part of either Party.  Neither this Agreement nor any action taken to comply with its provisions shall be construed as, or used as, an admission of any fault, wrongdoing or liability whatsoever in this or any other matter.

11.    **No Assignment.**  The Company represents that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity, any claim between the Debtor and the Company.  The Creditor Trustee represents that he has not assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity, the claims asserted in the Complaint.  Neither this Agreement nor any right or interest hereunder may be assigned in whole or in part by either of the Parties without the prior consent of the other Party.

12.    **Mutual Warranties and Representations.**    The Creditor Trustee and the Company hereby represent and warrant to each other that as of the date of this Agreement:

12.1    The Creditor Trustee and the Company have each consulted with or have had the opportunity to consult with an attorney of their choosing, and each of them has carefully read this Agreement, fully understands the Agreement and its terms and provisions, and each of them is relying upon legal advice in entering into this Agreement voluntarily.

12.2    The Creditor Trustee and the Company have each made such investigation of the facts and matters pertaining to this Agreement and settlement of the Adversary Proceeding as each of them has deemed necessary.

12.3    Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person, or entity in determining to enter into this Agreement.

12.4    Each person executing this Agreement on behalf of a Party hereto has been duly authorized to execute this Agreement on behalf of the Party and to bind the Party to the terms and provisions of this Agreement (by appropriate appointment, delegation of authority, corporate by-laws or board resolutions if necessary).

12.5    As to the matters addressed herein, this Agreement is intended to be final and binding upon the Parties hereto, regardless of any mistake of fact or law made by the Parties hereto. The Creditor Trustee and the Company each assume the risk of any mistake of fact or law in relation to this Agreement which has been mutually drafted by the Parties.

12.6    The Creditor Trustee also represents to the Company that he has the authority to prosecute and to settle (subject to Bankruptcy Court approval) the Adversary Proceeding pursuant to the Standing Stipulation on behalf of the Debtor and its bankruptcy estate.

13.    **Entire Agreement.** The Parties acknowledge that no promise, inducement, or agreement not stated herein has been made to them in connection with this Agreement, and that this Agreement, along with the Stipulated Consent Judgment, constitutes the entire agreement between them.

14.    **No Oral Modifications.** This Agreement may be amended, modified or otherwise changed only in a writing signed by both Parties. The Parties agree and acknowledge that they will make no claim that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

15.    **Retention of Jurisdiction.** The Parties agree that the Bankruptcy Court shall retain jurisdiction for the purpose of enforcing the terms of this Agreement. The Parties agree that the promises and undertakings set forth herein shall be specifically enforceable. The Parties further agree that before filing any motion with the Bankruptcy Court to enforce this Agreement, they shall meet and attempt in good faith to resolve any dispute arising under this Agreement. The Parties acknowledge that this Agreement shall have no precedential value in any matter unrelated to the Debtors and the Bankruptcy Case.

16.    **Attorneys' Fees and Costs.** The Creditor Trustee and the Company shall each bear its own costs, expenses and attorneys' fees incurred in connection with the Adversary Proceeding, the negotiations related thereto, and the preparation of this Agreement, and shall not seek reimbursement for such costs, expenses, or attorneys' fees from the other Party.

17.    **Successors.** This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors and assigns.

18.    **Severability.** Should any provision of this Agreement be unenforceable, those provisions shall be considered severable, and the remaining provisions shall remain in effect.

19.    **Claims Register.** The Creditor Trustee, the Debtors' claims agent, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Agreement.

20.    **Choice of Law.** This Agreement shall be governed by and construed under the laws of the State of New York. The Parties irrevocably waive any objection on the grounds of venue, *forum non conveniens* or any similar grounds.

21. **Status Quo Ante.** If this Agreement is not approved by the Bankruptcy Court, or if an order approving this Agreement is reversed or vacated, then the Agreement shall be null and void and of no force or effect, and the Creditor Trustee shall return any of the Settlement Payment to the Defendant within ten (10) days after the Bankruptcy Court declines to approve the Agreement or the order approving the Agreement is reversed or vacated. In such event, each of the Parties shall be returned to the Parties' position status quo ante, and the Parties reserve all of their respective rights, claims, and defenses with respect to all of the matters set forth herein.

22. **Counterparts.** This Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which when taken together shall constitute one and the same agreement. Each of the Parties may execute this Agreement by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original. This Agreement shall not be binding until signed by both Parties.

23. **Further Assurances.** The Parties hereby agree to perform all acts reasonably necessary, including execution of further documents, to effectuate this Agreement.

**IN WITNESS WHEREOF**, this Agreement is accepted and agreed to by:

Date: _____10/11/18_____

ROBERT N. MICHAELSON SOLELY IN HIS
CAPACITY AS CREDITOR TRUSTEE OF THE
FEGS CREDITOR TRUST

By: _____

Name:

Date: _10/10/18_____

EMPLOYEE LEASING OF GREATER NEW
YORK, LLC. D/B/A DISTINCTIVE
WORKFORCE SOLUTIONS

By: _____

Name: Jean-Paul Renard

Title: CEO

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FEDERATION EMPLOYMENT AND<br>GUIDANCE SERVICE, INC. d/b/a FEGS,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 15-71074 (REG) |
| ROBERT N. MICHAELSON, solely in his<br>capacity as CREDITOR TRUSTEE OF THE<br>FEGS CREDITOR TRUST,<br><br><br>                     Plaintiff,<br><br>vs.<br><br>DISTINCTIVE WORKFORCE SOLUTIONS,<br><br>                     Defendant. | Adv. Proc. No. 17-08054 (REG) |

**ORDER APPROVING MOTION OF THE TRUSTEE OF THE FEGS CREDITOR
TRUST, PURSUANT TO FED. R. BANKR. P. 9019, FOR ENTRY OF AN ORDER
<u>APPROVING SETTLEMENT WITH DISTINCTIVE WORKFORCE SOLUTIONS</u>**

            Upon consideration of the *Motion of the Trustee Of The FEGS Creditor Trust,*

*Pursuant to Fed. R. Bankr. P. 9019, for Entry of an Order Approving Settlement* (the "Motion");[1]

and the notice of the Motion having been adequate; and sufficient legal and factual bases existing

for the relief requested; and the Court having jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 1334 and 157(b)(2); and the Court finding that the Agreement was negotiated at arm's

length and entered into in good faith by the parties and that the benefits to be derived from the

settlement are material and considering the risks of the continued pursuit of the adversary

proceeding, it is hereby ORDERED that:

        1.      The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings given to them in the Motion.

2.      The Agreement attached as Exhibit A to the Motion is hereby approved pursuant to Bankruptcy Rule 9019.

3.      Any claim asserted by the Defendant against the Debtor pursuant to section 502(h) of the Bankruptcy Code shall be and hereby is disallowed.

4.      The Adversary Proceeding shall be and hereby is dismissed with prejudice with each party to bear its own costs.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.