**Hearing Date: September 26, 2018**
**Time:        1:30 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC. d/b/a FEGS, | Case No. 15-71074(REG) |
| Debtor. | |
| ROBERT N. MICHAELSON, solely in his capacity as CREDITOR TRUSTEE OF THE FEGS CREDITOR TRUST, | Adv. Proc. No. 17-08043 (REG) |
| Plaintiff, | [Filed Concurrently with Memorandum of Points Authorities; Separate Statement of Disputed Material and Additional Facts; Declaration of Judith Pincus] |
| vs. | |
| ANDREWS INTERNATIONAL, INC., | |
| Defendant. | |

## DECLARATION OF JEFFREY P. NOLAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREWS INTERNATIONAL, INC.' APPLICATION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT

I, JEFFREY P. NOLAN, declare:

1.    I am an attorney at law duly licensed to practice before all courts in the State of California. I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for Plaintiff, Robert N. Michaelson, solely in his capacity as Creditor Trustee of the FEGS Creditor Trust (the "Plaintiff") of Federation Employment and Guidance Service, Inc. d/b/a "FEGS". The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business in our offices. If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.    I submit this declaration (the "Declaration") in support of *Plaintiff's*

*Opposition to Defendant Andrews International, Inc.'s Application for Summary Judgment*

*Dismissing the Complaint* (the "Opposition").

3.    Attached hereto as Exhibit 1 is a true and correct copy of the *Affidavit of*

*Service of Master Service List* [Dkt. No. 804] with attached *Master Service List — U.S. Mail and*

*Email Recipients* [as of February 2, 2017] ("MSL") [Dkt. No. 800]. The MSL contains the

following U.S. Mail and Email [ECF] Recipient contact information for Defendant's counsel:

> Simon & Partners LLP
> Attn: Michael J. Levin
> 551 Fifth Avenue, 31st Floor
> New York, NY 10175
>
> Email: mlevin@simonlawyers.com.

The attached MSL is evidence that as of February 2, 2018, all parties listed would receive

copies of all filings of pleadings in this proceeding.

4.    Attached hereto as Exhibit 2 is a true and correct copy of [Notice of]

*Stipulation and Order Authorizing Official Committee of Unsecured Creditors to Prosecute*

*Certain Claims on Behalf of the Estate* [Dkt. No. 803] filed on February 7, 2017.

5.    Attached hereto as Exhibit 3 is a true and correct copy of *Joint Emergency*

*Application for an Order to Show Cause and Entry of a Stipulation and Order Authorizing*

*Official Committee of Unsecured Creditors to Prosecute Certain Claims on Behalf of the Estate*

("Joint Emergency Application") [Dkt. No. 807].

6.    Attached hereto as Exhibit 4 is a true and correct copy of *Order to Show*

*Cause* upon the Emergency Application] ("OSC") issued on February 15, 2017, as to why the

Stipulation should not be entered granting the Committee leave, standing and authority to

prosecute and settle any estate claims with full rights and privileges of the Debtor. [Dkt. No. 808].

      7.      Attached hereto as Exhibit 5 is a true and correct copy of *Affidavit of Service* of Joint Emergency Application and OSC on Simon & Partners LLP, Michael J. Levin, mlevin@simonlawyers.com [Dkt. No. 810].

      8.      Attached hereto as Exhibit 6 is a true and correct copy of the *Official Transcript of Hearing held February 6, 2017 at 1:39 p.m.* ("2/6/17 Hearing Transcript") filed with the Court on February 15, 2017 [Dkt. No. 809].

      9.      Attached hereto as Exhibit 7 is a true and correct copy of the *Official Transcript of Hearing held February 21, 2017 at 10:04 a.m.* ("2/21/17 Hearing Transcript") filed with the Court on June 16, 2017 [Dkt. No. 903].

      10.      Attached hereto as Exhibit 8 is a true and correct copy of *Stipulation and Order Authorizing Official Committee of Unsecured Creditors to Prosecute Certain Claims on Behalf of the Estate* [Dkt. No. 813] entered on February 23, 2017 as related to Dkt. No. 803.

      11.      Attached hereto as Exhibit 9 is a true and correct copy of *Defendant's Responses to Plaintiff's Request for Admissions* ("RFA") dated September 7, 2018. Pursuant to the Defendant's Responses, Defendant admits it received $610,604.31 of funds of the Debtor (RFA No. 1), was a creditor of the Debtor (RFA No. 5), and had a right to receive the Transfers for its benefit in satisfaction of an antecedent dent (RFA No. 3 and 4).

      12.      Attached hereto as Exhibit 10 is a true and correct copy of *Defendant's Responses to Plaintiff's First Set Of Interrogatories* dated November 6, 2017. Response to Interrogatory number 11 identifies a report from 2014, six months prior to the Preference Period, and the balance sheet in the Debtor's Schedules as the entirety of the Defendant's challenge to the Debtor's insolvency. The deadlines for presenting expert reports has passed. (See Adv. Docket No. 18)

13.     Defendant admitted that it was not a secured creditor (RFA No. 8, Exhibit 9 hereto), but denied that by virtue of receipt of $610,604.31, it would be paid more than would be received under a liquidation of the Debtor's business sunder Chapter 7 of the Bankruptcy Code. See Exhibit 9.

14.     Attached hereto as Exhibit 11 is a true and correct copy of *Defendant's Responses to Plaintiff's Request For Production of Documents, Set One* dated November 6, 2017. Request No. 22 sought all documents to support Andrew's Int'l claim in its 7th Affirmative defense, that by virtue of the Transfers it did not receive more than it would have received in a Chapter 7 case. I have reviewed Defendant's document production and they include no claims analysis, assets, or documents evidencing a security interest and do not reference any such documents in written discovery responses.

15.     Andrew's Int'l asserts the Debtor was solvent on the Petition Date since its Schedules evidence a positive net worth of $38,930,091.  Request No. 23 to *Plaintiff's Request For Production of Documents, Set One* dated November 6, 2017, sought all documents to support Andrew's  claim in its 8th Affirmative defense, that the challenged transfers were made while the Debtor was solvent.  The Response to Request No. 23 reference a general production of responsive documents, however within the Andrew's document production marked A000001- 001179, no financial records reflecting the Debtor's assets, liabilities (other than Andrew's invoices), claims, liquidation or financial condition of the Debtor is enclosed.  Andrew's proffered no other argument or documents to support its claim of the Debtor' solvency;  See Defendant's Responses to Plaintiff's First Set Of Interrogatories, Set One; # 11, attached hereto as Ex. 10.

16.     Attached hereto as Exhibit 12 is a true and correct copy of the *Third Application Of Pachulski Stang Ziehl & Jones LLP For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Actual And Necessary Expenses Incurred*

*From January 1, 2016 Through June 30, 2016* ("PSZJ Third Fee Application") dated August 1, 2016 [Dkt. No. 722].

17.    Attached hereto as Exhibit 13, is a true and correct copy of an invoice issued by Andrew's International to the Debtor on December 31, 2014.

18.    Attached hereto as Exhibit 14, is a true and correct copy of an email exchange dated February 25, 2015, between Andrew's International and the Debtor and produced during discovery.

19.    In discovery to date, the parties have exchanged documents which after application of 11 U.S.C. §547(c)(4), leave at issue net of the new value defense  in excess of $320,000.00.

20.    I have conducted a search of the bankruptcy docket and located no no opposition or response to the Joint Emergency Application or the Order to Show Cause issued in February 2017, as filed by Andrew's.

21.    Attached hereto as Exhibit 15 is a true and correct copy of the *Complaint to Avoid Preferential Transfers and Recover Avoided Transfers or the Value Thereof* filed March 16, 2017 [Dkt. No. 1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of September, 2018 at Los Angeles, California.

_____/s/ Jeffrey P. Nolan_____

Jeffrey P. Nolan

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------  X
                                                                     :
In re                                                                :
                                                                     :  Chapter 11
FEDERATION EMPLOYMENT AND GUIDANCE                                   :
SERVICE INC. d/b/a FEGS,[1]                                          :  Case No. 15-71074 (REG)
                                                                     :
                              Debtor.                                :
                                                                     :
-------------------------------------------------------------------  X
```

### AFFIDAVIT OF SERVICE

State of California      )
                         ) ss
County of Los Angeles    )

I, Darleen Sahagun, being duly sworn, depose and says:

I am employed by Rust Consulting/Omni Bankruptcy, located at 5955 DeSoto Avenue, Suite 100, Woodland Hills, CA 91367. I am over 18 years of age and am not a party to this above-captioned adversary proceeding.

I hereby certify that on February 3, 2017, I caused true and correct copies of the following document to be served via email to the parties listed in **Exhibit A** attached hereto:

- **Master Service List as of 02/03/17 [Docket No. 800]**

Dated: February 7, 2017

_____
Darleen Sahagun

{State of California       }
{                          } ss.
{County of Los Angeles     }

Subscribed and sworn to (or affirmed) before me on this ___7___ day of __Feb.__, 20_17_, by Darleen Sahagun, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public

JENNIFER MARLENE CASTILLO
Commission # 2085977
Notary Public - California
Los Angeles County
My Comm. Expires Oct 14, 2018

---

[1] The last four digits of the Debtor's federal tax identification number are 4000.

# EXHIBIT A

Federation Employment and Guidance Service , Inc. dba F.E.G.S. - Service List to e-mail Recipients          Served 2/3/2017

| | | |
|---|---|---|
| 175 HEMPSTEAD, LLC<br>PETER KOSTEAS<br>PKOSTEAS@ALMAREALTY.COM | AMERICAN EXPRESS TRAVEL RELATED SERVICES C<br>GILBERT B WEISMAN<br>NOTICES@BECKET-LEE.COM | BELKIN BURDEN WENIG & GOLDMAN LLP<br>S. STEWART SMITH<br>SSMITH@BBWG.COM |
| BOND, SCHOENECK & KING, PLLC<br>GRAYSON T. WALTER<br>GWALTER@BSK.COM | BRONX LEBANON HOSPITAL CENTER<br>VICTOR G. DEMARCO<br>VDEMARCO@BRONXLEB.ORG | BRYAN CAVE LLP<br>AARON E. DAVIS<br>AARON.DAVIS@BRYANCAVE.COM |
| BRYAN CAVE LLP<br>THOMAS J. SCHELL<br>TJSCHELL@BRYANCAVE.COM | CARY KANE LLP<br>CHRISTOPHER BALUZY<br>CBALUZY@CARYKANE.COM | CARY KANE LLP<br>LARRY CARY<br>LCARY@CARYKANE.COM |
| CARY KANE LLP<br>LIZ VLADECK<br>LVLADECK@CARYKANE.COM | DLA PIPER LLP (US)<br>C. KEVIN KOBBE<br>KEVIN.KOBBE@DLAPIPER.COM | DLA PIPER LLP (US)<br>JAMILA JUSTINE WILLIS<br>JAMILA.WILLIS@DLAPIPER.COM |
| DORMITORY AUTHORITY OF THE STATE OF NEW YO<br>LARRY N. VOLK<br>LVOLK@DASNY.ORG | EMMET, MARVIN & MARTIN, LLP<br>EDWARD ZUJKOWSKI<br>EZUJKOWSKI@EMMETMARVIN.COM | EMMET, MARVIN & MARTIN, LLP<br>THOMAS PITTA<br>TPITTA@EMMETMARVIN.COM |
| GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP<br>DANIEL ZINMAN<br>DZINMAN@GOLENBOCK.COM | GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP<br>JONATHAN FLAXER<br>JFLAXER@GOLENBOCK.COM | HALPERIN BATTAGLIA BENZIJA, LLP<br>ALAN D. HALPERIN<br>AHALPERIN@HALPERINLAW.NET |
| HALPERIN BATTAGLIA BENZIJA, LLP<br>LIGEE GU<br>LGU@HALPERINLAW.NET | HAMBURGER, MAXSON,YAFFE & MCNALLY, LLP<br>LANE MAXSON<br>LMAXSON@HMYLAW.COM | HAMBURGER, MAXSON,YAFFE & MCNALLY, LLP<br>WILLIAM CAFFREY,JR.<br>WCAFFREY@HMYLAW.COM |
| HARRIS BEACH PLLC<br>LEE WOODARD/WENDY KINSELLA<br>BKEMAIL@HARRISBEACH.COM | KIELY LLP<br>DENIS J. KIELY<br>DKIELY@KIELYLLP.COM | KRAUSS PLLC<br>GERIS S. KRAUSS<br>GSK@KRAUSSNY.COM |
| KRISS & FEUERSTEIN LLP<br>JEROLD C. FEUERSTEIN<br>JFEUERSTEIN@KANDFLLP.COM | LEVY RATNER, P.C.<br>LAUREVE BLACKSTONE<br>LBLACKSTONE@LEVYRATNER.COM | LEVY RATNER, P.C.<br>RYAN J. BARBUR<br>RBARBUR@LEVYRATNER.COM |
| LEVY RATNER, P.C.<br>SUZANNE HEPNER<br>SHEPNER@LEVYRATNER.COM | LEWIS W. SIEGEL<br>LEWIS W. SIEGEL<br>LSIEGEL@CHNNB.COM | MAYER BROWN LLP<br>FREDERICK HYMAN<br>FHYMAN@MAYERBROWN.COM |
| MAYER BROWN LLP<br>JOAQUIN M. C DE BACA<br>JCDEBACA@MAYERBROWN.COM | MEYER, SUOZZI, ENGLISH & KLEIN, P.C.<br>EDWARD LOBELLO<br>ELOBELLO@MSEK.COM | MONTEFIORE MEDICAL CENTER<br>CHRISTOPHER S. PANCZNER<br>CPANCZNE@MONTEFIORE.ORG |
| MORITT HOCK & HAMROFF LLP<br>LESLIE A. BERKOFF<br>LBERKOFF@MORITTHOCK.COM | NEW YORK STATE DEPARTMENT OF HEALTH<br>OPCHSM@HEALTH.NY.GOV | NYS OFFICE FOR PEOPLE W/DEVELOPMENTAL DISA<br>ROGER BEARDEN<br>ROGER.A.BEARDEN@OPWDD.NY.GOV |
| OFFICE OF THE ATTORNEY GENERAL<br>LAURA A. SPRAGUE<br>LAURA.SPRAGUE@AG.NY.GOV | OFFICE OF THE CORPORATION COUNSEL<br>DAVIN J. HALL<br>DHALL@LAW.NYC.GOV | OFFICE OF THE CORPORATION COUNSEL<br>ZACHARY KASS<br>ZKASS@LAW.NYC.GOV |
| PACHULSKI STANG ZIEHL & JONES LLP<br>ILAN SCHARF<br>ISCHARF@PSZJLAW.COM | PACHULSKI STANG ZIEHL & JONES LLP<br>ROBERT J. FEINSTEIN<br>RFEINSTEIN@PSZJLAW.COM | PAYMENTTECH, LLC<br>LAZONIA CLARK<br>LAZONIA.CLARK@CHASEPAYMENTTECH.COM |
| PICK & ZABICKI LLP<br>DOUGLAS J. PICK<br>DPICK@PICKLAW.NET | ROBINSON BROG LEINWAND GREENE GENOVESE<br>A. MITCHELL GREENE<br>AMG@ROBINSONBROG.COM | ROSE AND ROSE<br>DEAN DREIBLATT<br>DDREIBLATT@ROSEANDROSELAW.COM |

Federation Employment and Guidance Service , Inc. dba F.E.G.S. - Service List to e-mail Recipients                    Served 2/3/2017

SCHUR MANAGEMENT CO., LTD.
BILL SCHUR
BOBG@SCHURMGMT.COM

SECURITIES & EXCHANGE COMMISSION
NEWYORK@SEC.GOV

SHIPMAN & GOODWIN LLP
BANKRUPTCY@GOODWIN.COM

SHIPMAN & GOODWIN LLP
BANKRUPTCYPARALEGAL@GOODWIN.COM

SHIPMAN & GOODWIN LLP
ERIC S. GOLDSTEIN
EGOLDSTEIN@GOODWIN.COM

SILVERMANACAMPORA LLP
GERARD R. LUCKMAN
GLUCKMAN@SILVERMANACAMPORA.COM

SIMON & PARTNERS LLP
MICHAEL J. LEVIN
MLEVIN@SIMONLAWYERS.COM

SINNREICH KOSAKOFF & MESSINA LLP
JARRETT M. BEHAR
JBEHAR@SKMLAW.NET

SMITH, BUSS, & JACOBS, LLP
DOMENICK J. TAMMARO
DTAMMARO@SBJLAW.COM

SQUIRE PATTON BOGGS (US) LLP
KAROL K. DENNISTON
KAROL.DENNISTON@SQUIREPB.COM

SQUIRE PATTON BOGGS (US) LLP
KRISTIN E. RICHNER
KRISTIN.RICHNER@SQUIREPB.COM

SQUIRE PATTON BOGGS (US) LLP
MARK A. SALZBERG
MARK.SALZBERG@SQUIREPB.COM

SQUIRE PATTON BOGGS (US) LLP
STEPHEN D. LERNER
STEPHEN.LERNER@SQUIREPB.COM

STEVENS & LEE, P.C.
JOHN D. DEMMY
JDD@STEVENSLEE.COM

TOGUT, SEGAL & SEGAL LLP
BRIAN F. MOORE
BMOORE@TEAMTOGUT.COM

TOGUT, SEGAL & SEGAL LLP
FRANK OSWALD
FRANKOSWALD@TEAMTOGUT.COM

TOGUT, SEGAL & SEGAL LLP
SAMANTHA J. ROTHMAN
SROTHMAN@TEAMTOGUT.COM

VOGEL BACH, PC
ERIC H. HORN
EHORN@VOGELBACHPC.COM

WEIL, GOTSHAL & MANGES, LLP
STEPHEN KAROTKIN
STEPHEN.KAROTKIN@WEIL.COM

WILLKIE FARR & GALLAGHER LLP
ROBIN SPIGEL
RSPIGEL@WILLKIE.COM

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL
DANIEL F. FLORES
DANIEL.FLORES@WILSONELSER.COM

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL
MARIE POLITO HOFSDAL
MARIE.HOFSDAL@WILSONELSER.COM

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL
THOMAS R. MANISERO
THOMAS.MANISERO@WILSONELSER.COM

WINSTON & STRAWN, LLP
CAREY D. SCHREIBER
CSCHREIBER@WINSTON.COM

WINSTON & STRAWN, LLP
CARRIE V. HARDMAN
CHARDMAN@WINSTON.COM

WINSTON & STRAWN, LLP
DAVID NEIER
DNEIER@WINSTON.COM

Parties Served:  71

Master Service List - U.S. Mail                                                                      2/2/2017

175 HEMPSTEAD, LLC
C/O ALMA REALTY CORP.
ATTN: PETER KOSTEAS, COMM PROP MGR
31-10 37TH AVE., SUITE 500
LONG ISLAND CITY, NY 11101

AMERICAN EXPRESS TRAVEL RELATED SERVICES CO
C/O BECKET AND LEE LLP
ATTN: GILBERT B WEISMAN, ESQUIRE
PO BOX 3001
MALVERN, PA 19355-0701

BANK OF AMERICA
2059 NORTHLAKE PARKWAY
3 NORTH
TUCKER, GA 30084

BELKIN BURDEN WENIG & GOLDMAN LLP
ATTN: S. STEWART SMITH
270 MADISON AVENUE
NEW YORK, NY 10016

BOND, SCHOENECK & KING, PLLC
ATTN: GRAYSON WALTER
ONE LINCOLN CENTER, 18TH FLOOR
SYRACUSE, NY 13202

BRONX LEBANON HOSPITAL CENTER
ATTN: VICTOR DEMARCO
1276 FULTON AVENUE
BRONX, NY 10456

BRYAN CAVE LLP
ATTN: AARON E. DAVIS
161 N. CLARK ST., STE. 4300
CHICAGO, IL 60801-3315

BRYAN CAVE LLP
ATTN: THOMAS J. SCHELL
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

CARY KANE LLP
ATTN: LARRY CARY/LIZ VLADECK
ATTN: CHRISTOPHER BALUZY
1350 BROADWAY, SUITE 1400
NEW YORK, NY 10018

CENTERS FOR MEDICARE & MEDICAID SERVICES
7500 SECURITY BLVD
BALTIMORE, MD 21244

CENTERS FOR MEDICARE & MEDICAID SERVICES
ATTN: CAROL MALOFF, ACTING REGIONAL ADMIN
JACOB K. JAVITS FEDERAL BUILDING
2 FEDERAL PLAZA, ROOM 3811
NEW YORK, NY 10278

CITY OF NEW YORK
ATTN: CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NY 10007

COMMUNITY AND SOCIAL AGENCY EMPLOYEES UNIO
DISTRICT COUNSEL 1707
AFSCME, AFL-CIO, LOCAL 215
420 WEST 45TH ST.
NEW YORK, NY 10036

DEPARTMENT OF HOUSING & URBAN DEVELOPMENT
OFFICE OF INSURED HEALTH CARE FACILITIES
451 7TH STREET
S.W. ROOM 2247
WASHINGTON, DC 20410

DLA PIPER LLP (US)
ATTN: C. KEVIN KOBBE
THE MARBURY BUILDING
6225 SMITH AVENUE
BALTIMORE, MD 21209

DLA PIPER LLP (US)
ATTN: JAMILA JUSTINE WILLIS
1251 AVENUE OF THE AMERICAS
27TH FLOOR
NEW YORK, NY 10020-1104

DORMITORY AUTHORITY OF THE STATE OF NEW YOR
ATTN: S. STEVENS COUNSELS OFFICE
ATTN: LARRY N. VOLK
515 BROADWAY
ALBANY, NY 12207

EMMET, MARVIN & MARTIN, LLP
ATTN: THOMAS PITTA/EDWARD ZUJKOWSKI
120 BROADWAY, 32ND FLOOR
NEW YORK, NY 10271

FEDERATION EMPLOYMENT GUIDANCE SERVICE, INC.
D/B/A FEGS
445 OAK STREET
COPIAGUE, NY 11726

GARFUNKEL WILD, PC
ATTN: BURTON WESTON/ADAM T. BERKOWITZ
ATTN: AFSHEEN A. SHAH
111 GREAT NECK ROAD, 6TH FLOOR
GREAT NECK, NY 11021

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
ATTN: JONATHAN FLAXER/DANIEL ZINMAN
437 MADISON AVENUE
NEW YORK, NY 10022

HALPERIN BATTAGLIA BENZIJA, LLP
ATTN: ALAN D. HALPERIN/LIGEE GU
40 WALL STREET, 37TH FLOOR
NEW YORK, NY 10005

HAMBURGER, MAXSON,YAFFE & MCNALLY, LLP
ATTN: LANE MAXSON/WILLIAM CAFFREY, JR.
225 BROADHOLLOW ROAD, SUITE 301E
MELVILLE, NY 11747

HARRIS BEACH PLLC
ATTN: LEE WOODARD/WENDY KINSELLA
333 WEST WASHINGTON STREET
SUITE 200
SYRACUSE, NY 13202

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

JOSEPH J. HASPEL, PLLC
ATTN: JOSEPH J. HASPEL
1 WEST MAIN STREET
GOSHEN, NY 10924

KIELY LLP
ATTN: DENIS J. KIELY
17 TURKEY LANE
COLD SPRING HARBOR, NY 11724

KRAUSS PLLC
ATTN: GERIS S. KRAUSS
ONE NORTH BROADWAY - SUITE 1001
WHITE PLAINS, NY 10601

KRISS & FEUERSTEIN LLP
ATTN: JEROLD C. FEUERSTEIN
360 LEXINGTON AVENUE, SUITE 1200
NEW YORK, NY 10017

LEVY RATNER, P.C.
ATTN: SUZANNE HEPNER/LAUREVE BLACKSTONE
ATTN: RYAN BARBUR
80 EIGHTH AVENUE, 8TH FLOOR
NEW YORK, NY 10011

LEWIS W. SIEGEL
630 THIRD AVENUE, 7TH FLOOR
NEW YORK, NY 10017

MAYER BROWN LLP
ATTN: FREDERICK HYMAN/JOAQUIN C DE BACA
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
ATTN: EDWARD LOBELLO/ABRAHAM KRIEGER
990 STEWART AVENUE, SUITE 300
P.O. BOX 9194
GARDEN CITY, NY 11530-9194

Master Service List - U.S. Mail                                                                2/2/2017

MONTEFIORE MEDICAL CENTER
ATTN: CHRISTOPHER S. PANCZNER
3328 ROCHAMBEAU AVENUE, 1ST FLOOR
BRONX, NY 10467

MORITT HOCK & HAMROFF LLP
ATTN: LESLIE A. BERKOFF
400 GARDEN CITY PLAZA
GARDEN CITY, NY 11530

NEW YORK CITY INDUSTRIAL AGENCY
ATTN: EXECUTIVE DIRECTOR
110 WILLIAM STREET
NEW YORK, NY 10038

NEW YORK CITY INDUSTRIAL AGENCY
ATTN: GENERAL COUNSEL
110 WILLIAM STREET
NEW YORK, NY 10038

NEW YORK STATE DEPARTMENT OF HEALTH
OFFICE OF THE COMMISSIONER
CORNING TOWER
EMPIRE STATE PLAZA, ROOM 1043
ALBANY, NY 12237

NEW YORK STATE DEPARTMENT OF LABOR
BUILDING 12
W.A. HARRIMAN CAMPUS
ALBANY, NY 12240

NEW YORK STATE OFFICE OF MENTAL HEALTH
ATTN: JOSHUA PEPPER, DEPT COMMISH/COUNSEL
44 HOLLAND AVENUE
ALBANY, NY 12229

NYC HUMAN RESOURCES ADMINISTRATION
OFFICE OF LEGAL AFFAIRS
4 WORLD TRADE CENTER
150 GREENWICH STREET, 38TH FLOOR
NEW YORK, NY 10007

NYS DEPARTMENT OF TAXATION AND FINANCE
ATTN: OFFICE OF COUNSEL
BLDG 9, WA HARRIMAN CAMPUS
ALBANY, NY 12227

NYS DEPARTMENT OF TAXATION AND FINANCE
BANKRUPTCY/SPECIAL PROCEDURES SECTION
P.O. BOX 5300
ALBANY, NY 12205

NYS OFFICE FOR PEOPLE W/DEVELOPMENTAL DISABI
ATTN: ROGER BEARDEN
44 HOLLAND AVENUE
ALBANY, NY 12229

OFFICE OF THE ATTORNEY GENERAL
ATTN: LAURA A. SPRAGUE, AAG CHARITIES BUREA
THE CAPITOL
ALBANY, NY 12224

OFFICE OF THE UNITED STATES TRUSTEE
EASTERN DISTRICT OF NEW YORK
ATTN: CHRISTINE H. BLACK
LONG ISLAND FEDERAL COURTHOUSE
560 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

PACHULSKI STANG ZIEHL & JONES LLP
ATTN: ROBERT FEINSTEIN/ILAN SCHARF
780 THIRD AVENUE, 34TH FLOOR
NEW YORK, NY 10017-2024

PAYMENTTECH, LLC
ATTN: LAZONIA CLARK, BUSINESS ANALYST
14221 DALLAS PKWY, BLDG II
DALLAS, TX 75254

PICK & ZABICKI LLP
ATTN: DOUGLAS J. PICK
369 LEXINGTON AVENUE, 12TH FLOOR
NEW YORK, NY 10017

ROBINSON BROG LEINWAND GREENE GENOVESE
ATTN: A. MITCHELL GREENE
875 THIRD AVE, 9TH FLOOR
NEW YORK, NY 10022-0123

ROSE AND ROSE
ATTN: DEAN DREIBLATT
291 BROADWAY, 13TH FLOOR
NEW YORK, NY 10007

ROSSMIL ASSOCIATES
C/O ROSSROCK, LLC
ATTN: ROD ALBERTS, BUILDING MGR.
150 EAST 52ND ST., 27TH FL.
NEW YORK, NY 10022

SCHUR MANAGEMENT CO., LTD.
ATTN: BILL SCHUR
2432 GRAND CONCOURSE
BRONX, NY 10458

SECURITIES & EXCHANGE COMMISSION
ATTN: ANDREW CALAMARI, REGIONAL DIRECTOR
BROOKFIELD PLACE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

SHIPMAN & GOODWIN LLP
ATTN: ERIC S. GOLDSTEIN
ONE CONSTITUTION PLAZA
HARTFORD, CT 06103-1919

SILVERMANACAMPORA LLP
ATTN: GERARD R. LUCKMAN
100 JERICHO QUADRANGLE, SUITE 300
JERICHO, NY 11753

SIMON & PARTNERS LLP
ATTN: MICHAEL J. LEVIN
551 FIFTH AVENUE, 31ST FLOOR
NEW YORK, NY 10176

SINNREICH KOSAKOFF & MESSINA LLP
ATTN: JARRETT M. BEHAR
267 CARLETON AVENUE, SUITE 301
CENTRAL ISLIP, NY 11722

SMITH, BUSS, & JACOBS, LLP
ATTN: DOMENICK J. TAMMARO
733 YONKERS AVENUE
YONKERS, NY 10704

SQUIRE PATTON BOGGS (US) LLP
ATTN: KAROL DENNISTON/STEPHEN LERNER
ATTN: MARK SALZBERG/KRISTIN RICHNER
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112

STEVENS & LEE, P.C.
ATTN: JOHN D. DEMMY
1105 NORTH MARKET STREET
SEVENTH FLOOR
WILMINGTON, DE 19801

STUART P. GELBERG, ESQ.
600 OLD COUNTRY ROAD, SUITE 410
GARDEN CITY, NY 11530

SUFFOLK COUNTY INDUSTRIAL DEVELOPMENT AG
ATTN: EXECUTIVE DIRECTOR
H. LEE DENNISON BUILDING, 3RD FLOOR
100 VETERANS MEMORIAL HIGHWAY
PO BOX 6100
HAUPPAUGE, NY 11788

THE BANK OF NEW YORK (TRUSTEE)
ATTN: CORPORATE TAX ADMINISTRATION
RE: SUFFOLK COUNTY INDUSTRIAL DEVELOPMENT A
101 BARCLAY STREET -7W
NEW YORK, NY 10286

THE BANK OF NEW YORK (TRUSTEE)
ATTN: CORPORATE TRUST ADMINISTRATION
RE: NEW YORK CITY INDUSTRIAL AGENCY
101 BARCLAY STREET-7W
NEW YORK, NY 10286

TOGUT, SEGAL & SEGAL LLP
ATTN: FRANK OSWALD/BRIAN MOORE
ATTN: SAMANTHA J. ROTHMAN
ONE PENN PLAZA, SUITE 3335
NEW YORK, NY 10119

Master Service List - U.S. Mail                                                                                      2/2/2017

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY GENERAL
ATTN: ERIC H. HOLDER, JR.
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

UNITED STATES ATTORNEY'S OFFICE
EASTERN DISTRICT OF NEW YORK
ATTN: LONG ISLAND BANKRUPTCY PROCESSING
610 FEDERAL PLAZA, 5TH FLOOR
CENTRAL ISLIP, NY 11722

VOGEL BACH, PC
ATTN: ERIC H. HORN
1745 BROADWAY, 17TH FLOOR
NEW YORK, NY 10019


WEIL, GOTSHAL & MANGES, LLP
ATTN: STEPHEN KAROTKIN, ESQ.
767 FIFTH AVENUE
NEW YORK, NY 10153

WILLKIE FARR & GALLAGHER LLP
ATTN: ROBIN SPIGEL
787 SEVENTH AVENUE
NEW YORK, NY 10019

WILSON ELSER MOSKOWITZ EDELMAN & DICKER L
ATTN: DANIEL FLORES/MARIE POLITO HOFSDAL
150 EAST 42ND STREET
NEW YORK, NY 10017-5639


WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
ATTN: THOMAS R. MANISERO
1133 WESTCHESTER AVENUE
WHITE PLAINS, NY 10604

WINSTON & STRAWN, LLP
ATTN: DAVID NEIER/CAREY SCHREIBER
ATTN: CARRIE V. HARDMAN
200 PARK AVENUE
NEW YORK, NY 10166-4194

**Master Service List - Email Recipients**                                                                                        2/2/2017

175 HEMPSTEAD, LLC
PETER KOSTEAS
PKOSTEAS@ALMAREALTY.COM

AMERICAN EXPRESS TRAVEL RELATED SERVICES C
GILBERT B WEISMAN
NOTICES@BECKET-LEE.COM

BELKIN BURDEN WENIG & GOLDMAN LLP
S. STEWART SMITH
SSMITH@BBWG.COM

BOND, SCHOENECK & KING, PLLC
GRAYSON T. WALTER
GWALTER@BSK.COM

BRONX LEBANON HOSPITAL CENTER
VICTOR G. DEMARCO
VDEMARCO@BRONXLEB.ORG

BRYAN CAVE LLP
AARON E. DAVIS
AARON.DAVIS@BRYANCAVE.COM

BRYAN CAVE LLP
THOMAS J. SCHELL
TJSCHELL@BRYANCAVE.COM

CARY KANE LLP
CHRISTOPHER BALUZY
CBALUZY@CARYKANE.COM

CARY KANE LLP
LARRY CARY
LCARY@CARYKANE.COM

CARY KANE LLP
LIZ VLADECK
LVLADECK@CARYKANE.COM

DLA PIPER LLP (US)
C. KEVIN KOBBE
KEVIN.KOBBE@DLAPIPER.COM

DLA PIPER LLP (US)
JAMILA JUSTINE WILLIS
JAMILA.WILLIS@DLAPIPER.COM

DORMITORY AUTHORITY OF THE STATE OF NEW YO
LARRY N. VOLK
LVOLK@DASNY.ORG

EMMET, MARVIN & MARTIN, LLP
EDWARD ZUJKOWSKI
EZUJKOWSKI@EMMETMARVIN.COM

EMMET, MARVIN & MARTIN, LLP
THOMAS PITTA
TPITTA@EMMETMARVIN.COM

GARFUNKEL WILD, PC
ADAM T. BERKOWITZ
ABERKOWITZ@GARFUNKELWILD.COM

GARFUNKEL WILD, PC
AFSHEEN A. SHAH
ASHAH@GARFUNKELWILD.COM

GARFUNKEL WILD, PC
BURTON WESTON
BWESTON@GARFUNKELWILD.COM

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
DANIEL ZINMAN
DZINMAN@GOLENBOCK.COM

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
JONATHAN FLAXER
JFLAXER@GOLENBOCK.COM

HALPERIN BATTAGLIA BENZIJA, LLP
ALAN D. HALPERIN
AHALPERIN@HALPERINLAW.NET

HALPERIN BATTAGLIA BENZIJA, LLP
LIGEE GU
LGU@HALPERINLAW.NET

HAMBURGER, MAXSON,YAFFE & MCNALLY, LLP
LANE MAXSON
LMAXSON@HMYLAW.COM

HAMBURGER, MAXSON,YAFFE & MCNALLY, LLP
WILLIAM CAFFREY,JR.
WCAFFREY@HMYLAW.COM

HARRIS BEACH PLLC
LEE WOODARD/WENDY KINSELLA
BKEMAIL@HARRISBEACH.COM

KIELY LLP
DENIS J. KIELY
DKIELY@KIELYLLP.COM

KRAUSS PLLC
GERIS S. KRAUSS
GSK@KRAUSSNY.COM

KRISS & FEUERSTEIN LLP
JEROLD C. FEUERSTEIN
JFEUERSTEIN@KANDFLLP.COM

LEVY RATNER, P.C.
LAUREVE BLACKSTONE
LBLACKSTONE@LEVYRATNER.COM

LEVY RATNER, P.C.
RYAN J. BARBUR
RBARBUR@LEVYRATNER.COM

LEVY RATNER, P.C.
SUZANNE HEPNER
SHEPNER@LEVYRATNER.COM

LEWIS W. SIEGEL
LEWIS W. SIEGEL
LSIEGEL@CHNNB.COM

MAYER BROWN LLP
FREDERICK HYMAN
FHYMAN@MAYERBROWN.COM

MAYER BROWN LLP
JOAQUIN M. C DE BACA
JCDEBACA@MAYERBROWN.COM

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
EDWARD LOBELLO
ELOBELLO@MSEK.COM

MONTEFIORE MEDICAL CENTER
CHRISTOPHER S. PANCZNER
CPANCZNE@MONTEFIORE.ORG

MORITT HOCK & HAMROFF LLP
LESLIE A. BERKOFF
LBERKOFF@MORITTHOCK.COM

NEW YORK STATE DEPARTMENT OF HEALTH
OPCHSM@HEALTH.NY.GOV

NYS OFFICE FOR PEOPLE W/DEVELOPMENTAL DISA
ROGER BEARDEN
ROGER.A.BEARDEN@OPWDD.NY.GOV

OFFICE OF THE ATTORNEY GENERAL
LAURA A. SPRAGUE
LAURA.SPRAGUE@AG.NY.GOV

OFFICE OF THE CORPORATION COUNSEL
DAVIN J. HALL
DHALL@LAW.NYC.GOV

OFFICE OF THE CORPORATION COUNSEL
ZACHARY KASS
ZKASS@LAW.NYC.GOV

PACHULSKI STANG ZIEHL & JONES LLP
ILAN SCHARF
ISCHARF@PSZJLAW.COM

PACHULSKI STANG ZIEHL & JONES LLP
ROBERT J. FEINSTEIN
RFEINSTEIN@PSZJLAW.COM

PAYMENTTECH, LLC
LAZONIA CLARK
LAZONIA.CLARK@CHASEPAYMENTTECH.COM

Master Service List - Email Recipients                                                  2/2/2017

| | | |
|---|---|---|
| PICK & ZABICKI LLP<br>DOUGLAS J. PICK<br>DPICK@PICKLAW.NET | ROBINSON BROG LEINWAND GREENE GENOVESE<br>A. MITCHELL GREENE<br>AMG@ROBINSONBROG.COM | ROSE AND ROSE<br>DEAN DREIBLATT<br>DDREIBLATT@ROSEANDROSELAW.COM |
| SCHUR MANAGEMENT CO., LTD.<br>BILL SCHUR<br>BOBG@SCHURMGMT.COM | SECURITIES & EXCHANGE COMMISSION<br>NEWYORK@SEC.GOV | SHIPMAN & GOODWIN LLP<br>BANKRUPTCY@GOODWIN.COM |
| SHIPMAN & GOODWIN LLP<br>BANKRUPTCYPARALEGAL@GOODWIN.COM | SHIPMAN & GOODWIN LLP<br>ERIC S. GOLDSTEIN<br>EGOLDSTEIN@GOODWIN.COM | SILVERMANACAMPORA LLP<br>GERARD R. LUCKMAN<br>GLUCKMAN@SILVERMANACAMPORA.COM |
| SIMON & PARTNERS LLP<br>MICHAEL J. LEVIN<br>MLEVIN@SIMONLAWYERS.COM | SINNREICH KOSAKOFF & MESSINA LLP<br>JARRETT M. BEHAR<br>JBEHAR@SKMLAW.NET | SMITH, BUSS, & JACOBS, LLP<br>DOMENICK J. TAMMARO<br>DTAMMARO@SBJLAW.COM |
| SQUIRE PATTON BOGGS (US) LLP<br>KAROL K. DENNISTON<br>KAROL.DENNISTON@SQUIREPB.COM | SQUIRE PATTON BOGGS (US) LLP<br>KRISTIN E. RICHNER<br>KRISTIN.RICHNER@SQUIREPB.COM | SQUIRE PATTON BOGGS (US) LLP<br>MARK A. SALZBERG<br>MARK.SALZBERG@SQUIREPB.COM |
| SQUIRE PATTON BOGGS (US) LLP<br>STEPHEN D. LERNER<br>STEPHEN.LERNER@SQUIREPB.COM | STEVENS & LEE, P.C.<br>JOHN D. DEMMY<br>JDD@STEVENSLEE.COM | TOGUT, SEGAL & SEGAL LLP<br>BRIAN F. MOORE<br>BMOORE@TEAMTOGUT.COM |
| TOGUT, SEGAL & SEGAL LLP<br>FRANK OSWALD<br>FRANKOSWALD@TEAMTOGUT.COM | TOGUT, SEGAL & SEGAL LLP<br>SAMANTHA J. ROTHMAN<br>SROTHMAN@TEAMTOGUT.COM | VOGEL BACH, PC<br>ERIC H. HORN<br>EHORN@VOGELBACHPC.COM |
| WEIL, GOTSHAL & MANGES, LLP<br>STEPHEN KAROTKIN<br>STEPHEN.KAROTKIN@WEIL.COM | WILLKIE FARR & GALLAGHER LLP<br>ROBIN SPIGEL<br>RSPIGEL@WILLKIE.COM | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL<br>DANIEL F. FLORES<br>DANIEL.FLORES@WILSONELSER.COM |
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL<br>MARIE POLITO HOFSDAL<br>MARIE.HOFSDAL@WILSONELSER.COM | WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL<br>THOMAS R. MANISERO<br>THOMAS.MANISERO@WILSONELSER.COM | WINSTON & STRAWN, LLP<br>CAREY D. SCHREIBER<br>CSCHREIBER@WINSTON.COM |
| WINSTON & STRAWN, LLP<br>CARRIE V. HARDMAN<br>CHARDMAN@WINSTON.COM | WINSTON & STRAWN, LLP<br>DAVID NEIER<br>DNEIER@WINSTON.COM | |

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
In re                                                    :          Chapter 11
                                                         :
FEDERATION EMPLOYMENT AND                                :
GUIDANCE SERVICE, INC. d/b/a FEGS,                       :          Case No. 15-71074 (REG)
                                                         :
                    Debtor.                              :
---------------------------------------------------------------------X

## STIPULATION AND ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE CERTAIN CLAIMS ON BEHALF OF THE ESTATE

This stipulation and order (the "Stipulation and Order") is entered into as of this

7th day of February 2017 by, between and among Federation Employment and Guidance

Services, Inc. d/b/a FEGS, the debtor and debtor in possession (the "Debtor") in the above

captioned case (the "Case") under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), and the Official Committee of Unsecured Creditors of Federation

Employment and Guidance Service, Inc. (the "Committee") appointed in this case (collectively,

the "Parties") with respect to standing and authority to prosecute Committee/Estate Claims (as

defined below).  The Debtor and the Committee agree, subject to the approval of the Bankruptcy

Court, as follows:

### RECITALS

A. On March 18, 2015, the Debtor filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.

B. On March 31, 2015, the U.S. Trustee appointed the Committee to represent all

unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code.

DOCS_NY:34779.2 27436/002
4220145v.2

C.  Since the appointment of the Committee, the Committee has investigated and evaluated potential claims and causes of action against the Debtor's former management and professionals, with a view towards assessing whether claims may be asserted by or on behalf of the Debtor's estate against the persons and entities who may be responsible, in whole or in part, for the Debtor's demise or who otherwise may have received a voidable transfer.

D.  The Committee believes that the Debtor's estate may have claims against Gail Magaliff, the Debtor's former President, and Ira Machowsky, the Debtor's former executive Vice President, for among other things, avoidable transfers pursuant to chapter 5 of the Bankruptcy Code, negligence and breaches of fiduciary duty (any such claims, "Officer Claims").

E.  The Committee believes that the Debtor's estate may have claims against Loeb & Troper LLP, the Debtor's former accountant/auditor, for among other things, negligence and aiding and abetting breaches of fiduciary duty (any such claims, "Accountant Claims").

F.  The Committee believes that the Debtor's estate may have claims against various transferees to avoid and recover preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code (any such claims, "Preference Claims" and, together with Officer Claims and Accountant Claims, the "Committee/Estate Claims").

G.  The Committee has requested, as being in the best interest of the Debtor's estate and necessary and beneficial to the fair and efficient administration of the Case, that the Debtor consent to the Committee's statutory authority to prosecute the Committee/Estate Claims on behalf of the Debtor's estate.

**NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED**,

subject to the approval of the Bankruptcy Court, as follows:

1.      The Committee shall be, and hereby is, granted leave, standing, and authority to commence, prosecute, and settle any Committee/Estate Claims with full rights and privileges of the Debtor, with any and all recoveries to be for the benefit of the Debtor's estate; provided, however, that the Debtor shall not settle any of the Committee/Estate Claims without the Committee's consent.

2.      This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**[Remainder of page intentionally left blank]**

AGREED AND ACCEPTED:

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Ilan D. Scharf
Ilan D. Scharf, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
Email: ischarf@pszjlaw.com

Counsel to the Official Committee of
Unsecured Creditors

GARFUNKEL WILD, P.C.


/s/ Burton S. Weston
Burton S. Weston, Esq.
111 Great Neck Road
Great Neck, NY  11021
Telephone: (516) 393-2200
Fascimile: (516) 466-5964
Email: bweston@garfunkelwild.com

Counsel to the Debtor


SO ORDERED:

# EXHIBIT 3

**GARFUNKEL WILD, P.C.**
111 Great Neck Road
Great Neck, New York 11021
Telephone: (516) 393-2200
Facsimile: (516) 466-5964
Burton S. Weston
Adam T. Berkowitz
Phillip Khezri

*Counsel for the Debtor*
*and the Debtor in Possession*

**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Robert J. Feinstein, Esq.
Ilan D. Scharf, Esq.

*Counsel to the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:

FEDERATION EMPLOYMENT AND GUIDANCE          Chapter 11
SERVICE, INC. d/b/a FEGS,[1]                Case No. 15-71074 (REG)

                    Debtor.
------------------------------------------------------------x

## JOINT EMERGENCY APPLICATION FOR AN ORDER TO SHOW CAUSE AND ENTRY OF A STIPULATION AND ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE CERTAIN CLAIMS ON BEHALF OF THE ESTATE

Federation Employment and Guidance Service, Inc. d/b/a FEGS ("**FEGS**" or the

"**Debtor**"), as debtor and debtor-in-possession in this Chapter 11 case (the "**Chapter 11 Case**"),

by and through its attorneys, Garfunkel Wild, P.C., and the Official Committee of Unsecured

Creditors (the "**Committee**", and collectively with the Debtor, the "**Movants**"), by and through

---

[1] The last four digits of the Debtor's federal tax identification number are 4000.

its attorneys, Pachulski Stang Ziehl & Jones, LLP, respectfully submits this application (the "**Application**"), pursuant to §§ 105(a), 1103(c)(5), and 1109(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York for the entry of (i) an Order to Show Cause (the "**OSC**"), substantially in the form annexed hereto as Exhibit A, requiring any and all parties in interest to show cause why a certain Stipulation and Order (the "**Stipulation**"), annexed hereto as Exhibit B, by and between the Debtor and the Committee authorizing the Committee to prosecute certain claims on behalf of the Debtor's estate should not be entered in the Chapter 11 Case; and (ii) an Order approving the Stipulation. In support of the Application, the Movants respectfully state the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On March 18, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and/or continue to manage its property as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      On March 31, 2015, the United States Trustee for the Eastern District of New York (the "**U.S. Trustee**") appointed the Committee pursuant to § 1102 of the Bankruptcy Code. The Committee has engaged Pachulski Stang Ziehl & Jones LLP as its counsel. No trustee or examiner has yet been appointed in this Chapter 11 Case.

2

4.    The factual background relating to the Debtor's commencement of this Chapter 11 Case, including its business operations, capital and debt structure, and the need to transfer all of its programs and sell substantially all of its assets, is set forth in detail in the Amended Affidavit of Kristin Woodlock Pursuant to Local Rule 1007 and in Support of First Day Motions (the "**Woodlock Affidavit**"), filed on the Petition Date and incorporated herein by reference.

## FACTS RELEVANT TO THE APPLICATION

5.    Since the appointment of the Committee, the Committee has investigated and evaluated potential claims and causes of action for the avoidance of prepetition transfers against numerous creditors as well as potential claims and causes of action against the Debtor's former management and professionals.

6.    The Committee believes that the Debtor's estate may have claims against Gail Magaliff, the Debtor's former President, and Ira Machowsky, the Debtor's former executive Vice President, for among other things, avoidable transfers pursuant to chapter 5 of the Bankruptcy Code, negligence and breaches of fiduciary duty (any such claims, "**Officer Claims**").

7.    The Committee believes that the Debtor's estate may have claims against Loeb & Troper LLP, the Debtor's former accountant/auditor, for among other things, negligence and aiding and abetting breaches of fiduciary duty (any such claims, "**Accountant Claims**").

8.    The Committee believes that the Debtor's estate may have claims against various transferees to avoid and recover preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code (any such claims, "**Preference Claims**" and, together with Officer Claims and Accountant Claims, the "**Committee/Estate Claims**").

9.    The Committee has requested the authority from the Debtor to prosecute the Committee/Estate Claims on behalf of the Debtor's estate, and upon review of the Committee's

3

arguments and applicable law, the Debtor has determined to comply with the request. The Committee has undertaken the laboring oar in investigating potential claims and the Committee's prosecution of such claims on behalf of the Debtor's estate would certainly promote efficiencies and avoid duplication of costs.

10.    Accordingly, the Movants entered into the Stipulation which, subject to approval by the Court, grants the Committee leave, standing, and authority to commence, prosecute, and settle any Committee/Estate Claims with full rights and privileges of the Debtor, with any and all recoveries to be for the benefit of the Debtor's estate, pursuant to the terms and conditions of the Stipulation.

## RELIEF REQUESTED

11.    By this Application the Movants respectfully request entry of (i) the OSC which (a) schedules an emergency hearing on approval of the Stipulation; (b) sets forth the deadline for any parties in interest to show cause why the Stipulation should not be entered by the Court; and (c) sets forth the manner of notice to be provided by the Debtor, and (ii) an Order approving the Stipulation.

## BASIS FOR RELIEF REQUESTED

### I.    The Committee Should be Authorized to Prosecute the Committee/Estate Claims

12.    It is well settled that §§ 1103(c)(5) and 1109(b) of the Bankruptcy Code provide a qualified right to a creditors' committees to commence actions in the name of the debtor in possession with the approval of the bankruptcy court. See In re STN Enters., 779 F.2d 901, 904 (2d Cir. 1985) ("Most bankruptcy courts that have considered the question have found an implied, but qualified, right for creditor' committees to initiate adversary proceedings in the name of the debtor in possession under 11 U.S.C. §§ 1103(c)(5) and 1109(b) ... or in reliance on

4

an implied continuation of creditors' committee powers under the pre-1978 Code.") (internal citations omitted).

13.     The Second Circuit has held that "a creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings.  This approach permits a reasoned and practicable division of labor between the creditors' committee and the debtor in possession or trustee, while also providing bankruptcy courts with significant authority both to manage the litigation and to check any potential for abuse by the parties."  In re Commodore Int'l Ltd., 262 F.3d 96, 100 (2d Cir. 2001) (internal citations omitted) (quoting In re Spaulding Composites Co., 207 B.R. 899, 904 (9th Cir. BAP 1997)).

14.     Thus, the Second Circuit applies a two prong test in giving standing to a creditors' committee to prosecute the debtor's claims; consent by the debtor and showing both that suit by the committee is in the best interest of the debtor's estate and necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. In re Housecraft Indus. USA, Inc., 310 F.3d 64, 71 (2d Cir. 2002).

15.     Here, after determining that efficiencies favor the Committee prosecuting claims for the benefit of the Debtor's estate, and that no basis exists to deny the Committee's request for authority, the Debtor has given explicit consent to the Committee to prosecute the Committee/Estate Claims on behalf of the Debtor's estate. The Movants submit that granting the Committee standing is both in the best interest of the Debtor's estate and is necessary and beneficial to the efficient resolution of the Chapter 11 Case. In determining the potential benefit

5

to the estate, a bankruptcy court should weigh the probability of success and the propriety, in terms of cost, of the creditors' committee being authorized to bring suit. See In re America's Hobby Ctr., Inc., 223 B.R. 275, 284 (Bankr. S.D.N.Y. 1998) (stating that the bankruptcy court must "consider whether there is a fair chance that the benefits to be obtained from litigation will outweigh the cost"). The Committee has investigated the bases of, and the facts and circumstances surrounding, the Committee/Estate Claims. The Debtor believes that, if the Committee/Estate Claims are to be brought, the Committee is best positioned to prosecute the such claims, as the Debtor would need to spend considerable time and resources duplicating the Committee's efforts. Moreover, litigating the Committee/Estate Claims would redound to the benefit of unsecured creditors generally, thus facilitating the efficient resolution of the Chapter 11 Case.

## II.    Entry Of an Order to Show Cause is Necessary and Proper

16.    Pursuant to § 546(a)(1)(A), an action or proceeding §§ 544, 545, 547, 548, or 553 of the Bankruptcy Code may not be commenced after 2 years after the entry of the order for relief. 11 U.S.C. § 546. Pursuant to § 301 of the Bankruptcy Code, the commencement of a voluntary case under the Bankruptcy Code constitutes an order for relief. 11 U.S.C. § 301. Thus, March 18, 2017, 2 years from the Petition Date, is the deadline to commence actions or proceedings under the relevant sections of chapter 5 of the Bankruptcy Code.

17.    Accordingly, the Movants respectfully submit that proceeding by an application for an order to show cause is necessary and proper because the deadline to commence actions or proceedings is just over a month from the date of this Application, it would otherwise be impossible to seek relief pursuant to a motion requiring notice and a hearing pursuant to Bankruptcy Rule 2002.

**NOTICE**

18.    Notice of this Motion will be been given to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; and (c) all other parties required to be served in accordance with the Case Management Order entered by this Court on April 17, 2015 [Docket No. 160] (collectively, the "**Notice Parties**") by electronic mail and/or overnight mail.  The Movants shall supplement such notice as directed by the Court in the OSC.  The Movants submit that no other notice need be given.

**NO PRIOR RELIEF**

19.    A copy of the Stipulation was filed on the docket and discussed generally at a hearing on February 6, 2017.  Otherwise, no prior request for the relief sought in this Motion has been made to any other court.

4250656v.3

**WHEREFORE**, the Movants respectfully request that the Court enter the OSC, attached hereto as Exhibit A, granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

Dated: February 14, 2017
       Great Neck, New York

**GARFUNKEL WILD, P.C.**

By: /s/ Burton S. Weston
    Burton S. Weston
    Adam T. Berkowitz
    Phillip Khezri
    111 Great Neck Road
    Great Neck, NY 11021
    Telephone: (516) 393-2200
    Facsimile: (516) 466-5964

Dated: February 14, 2017
       New York, New York

**PACHULSKI STANG ZIEHL & JONES LLP**

By: /s/ Ilan D. Scharf
    Robert J. Feinstein, Esq.
    Ilan D. Scharf, Esq.
    780 Third Avenue, 34th Floor
    New York, New York 10017
    Telephone: (212) 561-7700
    Facsimile: (212) 561-7777

8

4250656v.3

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:

FEDERATION EMPLOYMENT AND GUIDANCE          Chapter 11
SERVICE INC. d/b/a/ FEGS,                                            Case No. 15-71074 (REG)

                                    Debtor.
------------------------------------------------------------x

## ORDER TO SHOW CAUSE

Upon the emergency application dated February 14, 2017 (the "**Application**") of Federation Employment and Guidance Service, Inc. d/b/a FEGS ("**FEGS**" or the "**Debtor**") as a Chapter 11 debtor and debtor-in-possession in the above referenced Chapter 11 Case and the Official Committee of Unsecured Creditors (the "**Committee**", and collectively with the Debtor, the "**Movants**") seeking entry of (i) an Order to Show Cause (a) scheduling an emergency hearing on approval of the Stipulation[1]; (b) setting forth the deadline for any parties in interest to show cause why the Stipulation should not be entered by the Court; and (c) setting forth the manner of notice to be provided by the Movants; and (ii) an Order approving the Stipulation; and it appearing that good cause exists for granting an Order to Show Cause pursuant to Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York; it is hereby

**ORDERED**, that any party in interest is directed to show cause before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"), 290 Federal Plaza, Central Islip, New York 11722, Room 860, on February __, 2017 at _:__ _.m. Eastern Time, why the Stipulation should not be entered granting the Committee leave, standing, and authority to commence, prosecute, and settle any Committee/Estate Claims with the full rights and privileges of the Debtor, with any and all recoveries to be for the benefit of the Debtor's estate, subject to the terms of the Stipulation; and it is further

**ORDERED**, that responses, if any, to the Application must be made in writing, stating in detail the reason for any objection, and must be filed with the Clerk of the Bankruptcy Court,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

with paper copies delivered to Judge Grossman's Chambers, and served upon: (i) Garfunkel Wild, P.C., Counsel for the Debtor and Debtor in Possession, bweston@garfunkelwild.com, Attn: Burton S. Weston, Esq., Adam T. Berkowitz, Esq., and Phillip Khezri, Esq.; (ii) Pachulski Stang Ziehl & Jones, LLP, counsel to the Official Committee of Unsecured Creditors, ischarf@pszjlaw.com, Attn: Robert J. Feinstein, Esq. and Ilan D. Scharf, Esq;  and (iii) the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, Stan.Y.Yang@usdoj.gov, Attn: Stan Y. Yang, Esq., so that they are actually received by the aforementioned parties no later than _:__ _.m. on February __, 2017; and it is further

**ORDERED**, that responses not timely served and filed may not be considered by the Court; and it is further

**ORDERED**, that the Movants shall serve this Order to Show Cause, together with the Application, to the extent not already done, by overnight mail or electronic mail on the Notice Parties, on or before February __, 2017; and it is further

**ORDERED**, that service in accordance with this Order to Show Cause shall constitute good and sufficient service and adequate notice; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order to Show Cause.

4251415v.2

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re                                            :          Chapter 11
                                                 :
FEDERATION EMPLOYMENT AND                        :
GUIDANCE SERVICE, INC. d/b/a FEGS,               :          Case No. 15-71074 (REG)
                                                 :
                          Debtor.                :
------------------------------------------------------------------X

## STIPULATION AND ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE CERTAIN CLAIMS ON BEHALF OF THE ESTATE

This stipulation and order (the "Stipulation and Order") is entered into as of this 7th day of February 2017 by, between and among Federation Employment and Guidance Services, Inc. d/b/a FEGS, the debtor and debtor in possession (the "Debtor") in the above captioned case (the "Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and the Official Committee of Unsecured Creditors of Federation Employment and Guidance Service, Inc. (the "Committee") appointed in this case (collectively, the "Parties") with respect to standing and authority to prosecute Committee/Estate Claims (as defined below). The Debtor and the Committee agree, subject to the approval of the Bankruptcy Court, as follows:

### RECITALS

A. On March 18, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B. On March 31, 2015, the U.S. Trustee appointed the Committee to represent all unsecured creditors of the Debtor pursuant to section 1102 of the Bankruptcy Code.

C.  Since the appointment of the Committee, the Committee has investigated and evaluated potential claims and causes of action against the Debtor's former management and professionals, with a view towards assessing whether claims may be asserted by or on behalf of the Debtor's estate against the persons and entities who may be responsible, in whole or in part, for the Debtor's demise or who otherwise may have received a voidable transfer.

D.  The Committee believes that the Debtor's estate may have claims against Gail Magaliff, the Debtor's former President, and Ira Machowsky, the Debtor's former executive Vice President, for among other things, avoidable transfers pursuant to chapter 5 of the Bankruptcy Code, negligence and breaches of fiduciary duty (any such claims, "Officer Claims").

E.  The Committee believes that the Debtor's estate may have claims against Loeb & Troper LLP, the Debtor's former accountant/auditor, for among other things, negligence and aiding and abetting breaches of fiduciary duty (any such claims, "Accountant Claims").

F.  The Committee believes that the Debtor's estate may have claims against various transferees to avoid and recover preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code (any such claims, "Preference Claims" and, together with Officer Claims and Accountant Claims, the "Committee/Estate Claims").

G.  The Committee has requested, as being in the best interest of the Debtor's estate and necessary and beneficial to the fair and efficient administration of the Case, that the Debtor consent to the Committee's statutory authority to prosecute the Committee/Estate Claims on behalf of the Debtor's estate.

**NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED**,

subject to the approval of the Bankruptcy Court, as follows:

1.      The Committee shall be, and hereby is, granted leave, standing, and authority to
commence, prosecute, and settle any Committee/Estate Claims with full rights and privileges of
the Debtor, with any and all recoveries to be for the benefit of the Debtor's estate; provided,
however, that the Debtor shall not settle any of the Committee/Estate Claims without the
Committee's consent.

2.      This Stipulation may be executed in any number of counterparts, each of which
shall be deemed an original, but all of which taken together shall constitute one and the same
instrument.

**[Remainder of page intentionally left blank]**

AGREED AND ACCEPTED:

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Ilan D. Scharf
Ilan D. Scharf, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
Email: ischarf@pszjlaw.com

Counsel to the Official Committee of
Unsecured Creditors

GARFUNKEL WILD, P.C.


/s/ Burton S. Weston
Burton S. Weston, Esq.
111 Great Neck Road
Great Neck, NY  11021
Telephone: (516) 393-2200
Fascimile: (516) 466-5964
Email: bweston@garfunkelwild.com

Counsel to the Debtor



SO ORDERED:

# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

FEDERATION EMPLOYMENT AND GUIDANCE          Chapter 11
SERVICE INC. d/b/a/ FEGS,                    Case No. 15-71074 (REG)

                        Debtor.

------------------------------------------------------------x

## ORDER TO SHOW CAUSE

Upon the emergency application dated February 14, 2017 (the "**Application**") of
Federation Employment and Guidance Service, Inc. d/b/a FEGS ("**FEGS**" or the "**Debtor**") as a
Chapter 11 debtor and debtor-in-possession in the above referenced Chapter 11 Case and the
Official Committee of Unsecured Creditors (the "**Committee**", and collectively with the Debtor,
the "**Movants**") seeking entry of (i) an Order to Show Cause (a) scheduling an emergency
hearing on approval of the Stipulation[1]; (b) setting forth the deadline for any parties in interest to
show cause why the Stipulation should not be entered by the Court; and (c) setting forth the
manner of notice to be provided by the Movants; and (ii) an Order approving the Stipulation; and
it appearing that good cause exists for granting an Order to Show Cause pursuant to Rule 9077-1
of the Local Bankruptcy Rules for the Eastern District of New York; it is hereby

**ORDERED**, that any party in interest is directed to show cause at a hearing before the
Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy
Court for the Eastern District of New York (the "**Bankruptcy Court**"), 290 Federal Plaza,
Central Islip, New York 11722, Room 860, on February 21, 2017 at 10:00 a.m. Eastern Time
("**Hearing**"), why the Stipulation should not be entered granting the Committee leave, standing,
and authority to commence, prosecute, and settle any Committee/Estate Claims with the full
rights and privileges of the Debtor, with any and all recoveries to be for the benefit of the
Debtor's estate, subject to the terms of the Stipulation; and it is further

**ORDERED**, that the Court shall consider oral responses to the Application at the Hearing;
and it is further

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

**ORDERED**, that the Movants shall serve this Order to Show Cause, together with the Application, to the extent not already done, by overnight mail or electronic mail on the Notice Parties, on or before February 15, 2017, and the Movants shall file an affidavit of service with the Court on or before February 17, 2017 at 12:00 p.m.; and it is further

**ORDERED**, that service in accordance with this Order to Show Cause shall constitute good and sufficient service and adequate notice; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order to Show Cause.



**Dated: Central Islip, New York**
**February 15, 2017**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**

2

# EXHIBIT 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------  x
In re                                                       :
                                                            :  Chapter 11
FEDERATION EMPLOYMENT AND GUIDANCE                          :
SERVICE INC. d/b/a FEGS,[1]                                 :  Case No. 15-71074 (REG)
                                                            :
                                       Debtor.              :
                                                            :
                                                            :
----------------------------------------------------------  x
```

## AFFIDAVIT OF SERVICE

```
State of California       )
                          )  ss
County of Los Angeles     )
```

I, Darleen Sahagun, being duly sworn, depose and says:

I am employed by Rust Consulting/Omni Bankruptcy, located at 5955 DeSoto Avenue, Suite 100, Woodland Hills, CA 91367. I am over 18 years of age and am not a party to this above-captioned adversary proceeding.

I hereby certify that on February 15, 2017, I caused true and correct copies of the following document to be served (i) via email to the parties listed in **Exhibit A** and (ii) via overnight mail by placing the documents in a sealed envelope, affixing a pre-paid air bill, and delivering envelopes to an overnight courier location in Los Angeles, California to the parties listed on the Service List in **Exhibit B** attached hereto:

- **Joint Emergency Application for an Order to Show Cause and Entry of a Stipulation and Order Authorizing Official Committee of Unsecured Creditors to Prosecute Certain Claims on Behalf of The Estate [Docket No. 807]**

- **Order to Show Cause [Docket No. 808]**

Dated: February 16, 2017

_____
Darleen Sahagun

```
{State of California      }
{                         }  ss.
{County of Los Angeles    }
```

Subscribed and sworn to (or affirmed) before me on this  _16_  day of _Feb._ , 20_17_ , by Darleen Sahagun, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public

JENNIFER MARLENE CASTILLO
Commission # 20859
Notary Public - California
Los Angeles County
My Comm. Expires Oct 14, 2018

---

[1] The last four digits of the Debtor's federal tax identification number are 4000.

**EXHIBIT A**

Federation Employment and Guidance Service , Inc. dba F.E.G.S. - Service List to e-mail Recipients

| | | |
|---|---|---|
| 175 HEMPSTEAD, LLC<br>PETER KOSTEAS<br>PKOSTEAS@ALMAREALTY.COM | AMERICAN EXPRESS TRAVEL RELATED SERVICES C<br>GILBERT B WEISMAN<br>NOTICES@BECKET-LEE.COM | BELKIN BURDEN WENIG & GOLDMAN LLP<br>S. STEWART SMITH<br>SSMITH@BBWG.COM |
| BOND, SCHOENECK & KING, PLLC<br>GRAYSON T. WALTER<br>GWALTER@BSK.COM | BRONX LEBANON HOSPITAL CENTER<br>VICTOR G. DEMARCO<br>VDEMARCO@BRONXLEB.ORG | BRYAN CAVE LLP<br>AARON E. DAVIS<br>AARON.DAVIS@BRYANCAVE.COM |
| BRYAN CAVE LLP<br>THOMAS J. SCHELL<br>TJSCHELL@BRYANCAVE.COM | CARY KANE LLP<br>CHRISTOPHER BALUZY<br>CBALUZY@CARYKANE.COM | CARY KANE LLP<br>LARRY CARY<br>LCARY@CARYKANE.COM |
| CARY KANE LLP<br>LIZ VLADECK<br>LVLADECK@CARYKANE.COM | DLA PIPER LLP (US)<br>C. KEVIN KOBBE<br>KEVIN.KOBBE@DLAPIPER.COM | DLA PIPER LLP (US)<br>JAMILA JUSTINE WILLIS<br>JAMILA.WILLIS@DLAPIPER.COM |
| DORMITORY AUTHORITY OF THE STATE OF NEW YO<br>LARRY N. VOLK<br>LVOLK@DASNY.ORG | EMMET, MARVIN & MARTIN, LLP<br>EDWARD ZUJKOWSKI<br>EZUJKOWSKI@EMMETMARVIN.COM | EMMET, MARVIN & MARTIN, LLP<br>THOMAS PITTA<br>TPITTA@EMMETMARVIN.COM |
| GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP<br>DANIEL ZINMAN<br>DZINMAN@GOLENBOCK.COM | GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP<br>JONATHAN FLAXER<br>JFLAXER@GOLENBOCK.COM | HALPERIN BATTAGLIA BENIZIA, LLP<br>ALAN D. HALPERIN<br>AHALPERIN@HALPERINLAW.NET |
| HALPERIN BATTAGLIA BENZIJA, LLP<br>LIGEE GU<br>LGU@HALPERINLAW.NET | HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP<br>LANE MAXSON<br>LMAXSON@HMYLAW.COM | HAMBURGER, MAXSON, YAFFE & MCNALLY, LLP<br>WILLIAM CAFFREY, JR.<br>WCAFFREY@HMYLAW.COM |
| HARRIS BEACH PLLC<br>LEE WOODARD/WENDY KINSELLA<br>BKEMAIL@HARRISBEACH.COM | KIELY LLP<br>DENIS J. KIELY<br>DKIELY@KIELYLLP.COM | KRAUSS PLLC<br>GERIS S. KRAUSS<br>GSK@KRAUSSNY.COM |
| KRISS & FEUERSTEIN LLP<br>JEROLD C. FEUERSTEIN<br>JFEUERSTEIN@KANDFLLP.COM | LEVY RATNER, P.C.<br>LAUREVE BLACKSTONE<br>LBLACKSTONE@LEVYRATNER.COM | LEVY RATNER, P.C.<br>RYAN J. BARBUR<br>RBARBUR@LEVYRATNER.COM |
| LEVY RATNER, P.C.<br>SUZANNE HEPNER<br>SHEPNER@LEVYRATNER.COM | LEWIS W. SIEGEL<br>LEWIS W. SIEGEL<br>LSIEGEL@CHNNB.COM | MAYER BROWN LLP<br>FREDERICK HYMAN<br>FHYMAN@MAYERBROWN.COM |
| MAYER BROWN LLP<br>JOAQUIN M. C DE BACA<br>JCDEBACA@MAYERBROWN.COM | MEYER, SUOZZI, ENGLISH & KLEIN, P.C.<br>EDWARD LOBELLO<br>ELOBELLO@MSEK.COM | MONTEFIORE MEDICAL CENTER<br>CHRISTOPHER S. PANCZNER<br>CPANCZNE@MONTEFIORE.ORG |
| MORITT HOCK & HAMROFF LLP<br>LESLIE A. BERKOFF<br>LBERKOFF@MORITTHOCK.COM | NEW YORK STATE DEPARTMENT OF HEALTH<br>OPCHSM@HEALTH.NY.GOV | NYS OFFICE FOR PEOPLE W/DEVELOPMENTAL DISA<br>ROGER BEARDEN<br>ROGER.A.BEARDEN@OPWDD.NY.GOV |
| OFFICE OF THE ATTORNEY GENERAL<br>LAURA A. SPRAGUE<br>LAURA.SPRAGUE@AG.NY.GOV | OFFICE OF THE CORPORATION COUNSEL<br>DAVIN J. HALL<br>DHALL@LAW.NYC.GOV | OFFICE OF THE CORPORATION COUNSEL<br>ZACHARY KASS<br>ZKASS@LAW.NYC.GOV |
| PACHULSKI STANG ZIEHL & JONES LLP<br>ILAN SCHARF<br>ISCHARF@PSZJLAW.COM | PACHULSKI STANG ZIEHL & JONES LLP<br>ROBERT J. FEINSTEIN<br>RFEINSTEIN@PSZJLAW.COM | PAYMENTTECH, LLC<br>LAZONIA CLARK<br>LAZONIA.CLARK@CHASEPAYMENTTECH.COM |
| PICK & ZABICKI LLP<br>DOUGLAS J. PICK<br>DPICK@PICKLAW.NET | ROBINSON BROG LEINWAND GREENE GENOVESE<br>A. MITCHELL GREENE<br>AMG@ROBINSONBROG.COM | ROPES & GRAY LLP<br>JONATHAN M. AGUDELO<br>JONATHAN.AGUDELO@ROPESGRAY.COM |

Federation Employment and Guidance Service , Inc. dba F.E.G.S. - Service List to e-mail Recipients                    Served 2/15/2017

ROSE AND ROSE
DEAN DREIBLATT
DDREIBLATT@ROSEANDROSELAW.COM

SCHUR MANAGEMENT CO., LTD.
BILL SCHUR
BOBG@SCHURMGMT.COM

SECURITIES & EXCHANGE COMMISSION
NEWYORK@SEC.GOV

SHIPMAN & GOODWIN LLP
BANKRUPTCY@GOODWIN.COM

SHIPMAN & GOODWIN LLP
BANKRUPTCYPARALEGAL@GOODWIN.COM

SHIPMAN & GOODWIN LLP
ERIC S. GOLDSTEIN
EGOLDSTEIN@GOODWIN.COM

SILVERMANACAMPORA LLP
GERARD R. LUCKMAN
GLUCKMAN@SILVERMANACAMPORA.COM

SIMON & PARTNERS LLP
MICHAEL J. LEVIN
MLEVIN@SIMONLAWYERS.COM

SINNREICH KOSAKOFF & MESSINA LLP
JARRETT M. BEHAR
JBEHAR@SKMLAW.NET

SMITH, BUSS, & JACOBS, LLP
DOMENICK J. TAMMARO
DTAMMARO@SBJLAW.COM

SQUIRE PATTON BOGGS (US) LLP
KAROL K. DENNISTON
KAROL.DENNISTON@SQUIREPB.COM

SQUIRE PATTON BOGGS (US) LLP
KRISTIN E. RICHNER
KRISTIN.RICHNER@SQUIREPB.COM

SQUIRE PATTON BOGGS (US) LLP
MARK A. SALZBERG
MARK.SALZBERG@SQUIREPB.COM

SQUIRE PATTON BOGGS (US) LLP
STEPHEN D. LERNER
STEPHEN.LERNER@SQUIREPB.COM

STEVENS & LEE, P.C.
JOHN D. DEMMY
JDD@STEVENSLEE.COM

TOGUT, SEGAL & SEGAL LLP
BRIAN F. MOORE
BMOORE@TEAMTOGUT.COM

TOGUT, SEGAL & SEGAL LLP
FRANK OSWALD
FRANKOSWALD@TEAMTOGUT.COM

TOGUT, SEGAL & SEGAL LLP
SAMANTHA J. ROTHMAN
SROTHMAN@TEAMTOGUT.COM

VOGEL BACH, PC
ERIC H. HORN
EHORN@VOGELBACHPC.COM

WEIL, GOTSHAL & MANGES, LLP
STEPHEN KAROTKIN
STEPHEN.KAROTKIN@WEIL.COM

WILLKIE FARR & GALLAGHER LLP
ROBIN SPIGEL
RSPIGEL@WILLKIE.COM

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL
DANIEL F. FLORES
DANIEL.FLORES@WILSONELSER.COM

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL
MARIE POLITO HOFSDAL
MARIE.HOFSDAL@WILSONELSER.COM

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LL
THOMAS R. MANISERO
THOMAS.MANISERO@WILSONELSER.COM

WINSTON & STRAWN, LLP
CAREY D. SCHREIBER
CSCHREIBER@WINSTON.COM

WINSTON & STRAWN, LLP
CARRIE V. HARDMAN
CHARDMAN@WINSTON.COM

WINSTON & STRAWN, LLP
DAVID NEIER
DNEIER@WINSTON.COM

Parties Served: 72

**EXHIBIT B**

Federation Employment and Guidance Service , Inc. dba F.E.G.S. - Overnight Mail                 Served 2/15/2017

BANK OF AMERICA
2059 NORTHLAKE PARKWAY
3 NORTH
TUCKER GA  30084

CENTERS FOR MEDICARE & MEDICAID SRVCS
CAROL MALOFF, ACTING REGIONAL ADMIN
JACOB K. JAVITS FEDERAL BUILDING
2 FEDERAL PLAZA, ROOM 3811
NEW YORK NY  10278

CENTERS FOR MEDICARE & MEDICAID SRVCS
PRESIDENT OR LEGAL DEPARTMENT
7500 SECURITY BLVD
BALTIMORE MD  21244

CITY OF NEW YORK
CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK NY  10007

COMMUNITY&SOCIAL AGENCY EMPLOYEES UNION
DISTRICT COUNSEL 1707, LOCAL 215
420 WEST 45TH ST.
NEW YORK NY  10036

DEPT OF HOUSING/URBAN DEVELOPMENT
OFFICE OF INSURED HEALTH CARE FACILITIES
451 7TH STREET
S.W. ROOM 2247
WASHINGTON DC  20410

FEGS, INC.
KRISTIN WOODLOCK, CEO
445 OAK STREET
COPIAGUE NY  11726

HAHN & HESSEN LLP
MARK S. INDELICATO
488 MADISON AVENUE,
NEW YORK,  NY 10022

INTERNAL REVENUE SERVICE
BANKRUPTCY/LEGAL DEPARTMENT
2970 MARKET STREET
MAILSTOP 5-Q30.133
PHILADELPHIA PA  19101-7346

JOSEPH J. HASPEL, PLLC
JOSEPH J. HASPEL
1 WEST MAIN STREET
GOSHEN NY  10924

KRAUSS PLLC
GERI KRAUSS
ONE NORTH BROADWAY
WHITE PLAINS, NEW YORK 10601

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO
RICHARD ALBERT
565 5TH AVENUE
NEW YORK, NY 10017

NEW YORK CITY INDUSTRIAL AGENCY
EXECUTIVE DIRECTOR
110 WILLIAM STREET
NEW YORK NY  10038

NEW YORK CITY INDUSTRIAL AGENCY
GENERAL COUNSEL
110 WILLIAM STREET
NEW YORK NY  10038

NEW YORK STATE DEPT. OF LABOR
LEGAL DEPARTMENT
BUILDING 12
W.A. HARRIMAN CAMPUS
ALBANY NY  12240

NEW YORK STATE OFFICE OF MENTAL HEALTH
JOSHUA PEPPER, DEPUTY COMMISH/COUNSEL
44 HOLLAND AVENUE
ALBANY NY  12229

NYC HUMAN RESOURCES ADMINISTRATION
OFFICE OF LEGAL AFFAIRS
4 WORLD TRADE CENTER
150 GREENWICH ST., 38TH FLOOR
NEW YORK NY  10007

NYS DEPT. OF TAXATION & FINANCE
BANKRUPTCY/SPECIAL PROCEDURES SECTION
P.O. BOX 5300
ALBANY NY  12205

NYS DEPT. OF TAXATION & FINANCE
OFFICE OF COUNSEL
BLDG 9, WA HARRIMAN CAMPUS
ALBANY NY  12227

OFFICE OF THE UNITED STATES TRUSTEE
CHRISTINE H. BLACK
LONG ISLAND FEDERAL COURTHOUSE
560 FEDERAL PLAZA
CENTRAL ISLIP NY  11722

ROSSMIL ASSOCIATES
ROD ALBERTS, BUILDING MGR.
C/O ROSSROCK, LLC
150 EAST 52ND STREET, 27TH FLOOR
NEW YORK NY  10022

STUART P. GELBERG, ESQ.
600 OLD COUNTRY ROAD
SUITE 410
GARDEN CITY NY  11530

SUFFOLK COUNTY IND. DEVELOPMENT AGENCY
EXECUTIVE DIRECTOR
H. LEE DENNISON BUILDING, 3RD FLOOR
100 VETERANS MEMORIAL HWY, PO BOX 6100
HAUPPAUGE NY  11788

THE BANK OF NEW YORK (TRUSTEE)
CORPORATE TAX ADMINISTRATION
101 BARCLAY STREET -7W
RE: SUFFOLK COUNTY IND. DEV. AGENCY
NEW YORK NY  10286

THE BANK OF NEW YORK (TRUSTEE)
CORPORATE TRUST ADMINISTRATION
101 BARCLAY STREET -7W
RE: NEW YORK CITY INDUSTRIAL AGENCY
NEW YORK NY  10286

UNITED STATES ATTORNEY'S OFFICE
LONG ISLAND BANKRUPTCY PROCESSING
610 FEDERAL PLAZA
CENTRAL ISLIP NY  11722

USDOJ - OFFICE OF ATTORNEY GENERAL
ERIC H. HOLDER, JR.
950 PENNSYLVANIA AVENUE, NW
WASHINGTON DC  20530-0001

ZUCKERMAN SPAEDER LLP
SHAWN NAUNTON
399 PARK AVENUE, 14TH FLOOR
NEW YORK, NY 10022

Parties Served: 28

# EXHIBIT 6

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF NEW YORK

3    Case No. 8-15-71074-reg

4    - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:

6

7    FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC.,

8

9              Debtor.

10

11   - - - - - - - - - - - - - - - - - - - -x

12

13                        United States Bankruptcy Court

14                        290 Federal Plaza

15                        Central Islip, New York 11722

16

17                        February 6, 2017

18                        1:39 PM

19

20

21   B E F O R E:

22   HON. ROBERT E. GROSSMAN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   UNKNOWN

Page 2

1   HEARING re [156] ADJ Status Conference

2

3   HEARING re [779] Order Approving Bid Procedures for the Sale of

4   the Debtors Real Property located at 21 Duryea Place, Brooklyn,

5   NY, Scheduling an Auction and a Sale [764] Motion for Sale of

6   Property at 21 Duryea Place, Brooklyn New York Free and clear

7   of all liens, claims and encumbrances by Burton S Weston on

8   behalf of Federation Employment and Guidance Service, Inc.

9

10  HEARING re [793] Motion to Authorizing the Assumption and

11  Assignment of a Certain Unexpired Residential Real Property

12  Lease to the Jewish Board for Family and Children Services

13  (JBFCS) by Burton S Weston on behalf of Federation Employment

14  and Guidance Service, Inc.

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:   Sonya Ledanski Hyde

Page 3

```
 1    A P P E A R A N C E S :

 2


 3    WINSTON & STRAWN

 4         Attorney for NYS Office for People With Developmental

 5         Disabilities, Interested Party

 6         200 Park Avenue

 7         New York, NY 10166

 8


 9    BY:   CARRIE V. HARDMAN (TELEPHONICALLY)

10


11    WILLKIE FARR & GALLAGHER LLP

12         Attorney for FOJP Services Corporation, Interested Party

13         787 Seventh Avenue

14         New York, NY 10019

15


16    BY:   ROBIN SPIGEL (TELEPHONICALLY)

17


18    ROPES & GRAY LLP

19         Attorney for Jewish Board of Family & Children Service

20         800 Boylston Street

21         Prudential Tower

22         Boston, MA 02199

23


24    BY:   JONATHAN AGUDELO (TELEPHONICALLY)

25
```

Page 4

1    HALPERIN BATTAGLIA BENZIJA, LLP

2        Attorney for New York State Department of Labor

3        40 Wall Street, 37th Floor

4        New York, NY 10005

5

6    BY:   LIGEE GU

7

8    PHILLIPS, ARTURA & COX

9        Attorney for Creditor

10       165 South Wellwood Avenue

11       Lindenhurst, NY 11757

12

13   BY:   RICHARD F. ARTURA

14

15   PACHULSKI STANG ZIEHL & JONES

16       Attorney for Official Committee Of Unsecured Creditors,

17       Creditor Committee

18       780 Third Avenue, 34th Floor

19       New York, NY 10017

20

21   BY:   ILAN D. SCHARF

22

23

24

25

1    GARFUNKEL WILD, P.C.

2            Attorney for the Debtor

3            111 Great Neck Road

4            Great Neck, NY 11021

5

6    BY:    ADAM T. BERKOWITZ

7            BURTON S. WESTON

8

9    MORITT HOCK & HAMROFF LLP

10            Attorney for Interested Party

11            400 Garden City Plaza

12            Garden City, NY 11530

13

14    BY:    LESLIE A. BERKOFF

15

16    UNITED STATES DEPARTMENT OF JUSTICE

17            Attorney for the U.S. Trustee

18            Central Islip Office, Alfonse M D'Amato US

19            Courthouse 560 Federal Plaza

20            Central Islip, NY 11722

21

22    BY:    STAN YANG

23

24

25

Page 6

1                    P R O C E E D I N G S

2              CLERK:  Matters Number 56 through 58, Federation

3     Employment & Guidance Service, Inc.

4              MR. WESTON:  Good afternoon, Your Honor.  Burton

5     Weston --

6              THE COURT:  Anybody on the phone?

7              MR. WESTON: -- Adam Berkowitz, Garfunkel Wild.

8              THE COURT:  I just was checking if we have people on

9     the phone.

10             MR. WESTON: Oh.

11             THE COURT:  Go ahead.

12             MR. WESTON: Burton Weston, Adam Berkowitz, Garfunkel,

13    Wild, on behalf of the Debtor FEGS.

14             MR. SCHARF:  Ilan Scharf, Pachulski Stank Ziel --

15             MR. AGUDELO:  Good afternoon, Your Honor, I'm

16    Jonathan Agudelo,

17             MR. SCHARF:  -- on behalf of Committee.

18             MR. AGUDELO:  -- here on behalf of the Jewish Board

19    of Family & Children Service.

20             CLERK:  Hold on please.

21             MAN 1:  One more time?

22             THE COURT:  I don't know.  I know you're here.

23             MAN 1:  Oh, good.  Thank you.

24             MR. YANG:  Good afternoon, Your Honor.  Stan Yang for

25    the United States Trustee.

Case 8-17-08043-reg    Doc 29    Filed 09/13/18    Entered 09/13/18 23:25:16
Case 8-15-71074-reg    Doc 809    Filed 02/15/17    Entered 02/15/17 16:25:34

Page 7

1          CLERK:  Please state your phone appearance on

2    Federation.

3          MR. AGUDELO:  Good afternoon.  Jonathan Agudelo from

4    Ropes & Gray, on behalf of the Jewish Board of Family &

5    Children Service - Tele/Video.

6          MS. HARDMAN:  Good afternoon, Your Honor.

7          MS. GU:  Good afternoon.  Oh, I'm sorry.  Good

8    afternoon, Your Honor.  Ligee Gu, Halperin Battaglia Benzija,

9    on behalf of the New York State Department of Labor.

10         MS. HARDMAN:  Good afternoon.  Carrie Hardman from

11   Winston & Strawn, on behalf of OPWDD and OMH.

12         MS. DENNISON:  Good afternoon, Your Honor.  Carol

13   Dennison, on behalf of DAVINI.

14         MS. SPIGEL:  Good afternoon, Your Honor.  Robin

15   Spigel, Willkie Farr & Gallagher, counsel for FOJP Services

16   Corporation.

17         CLERK:  That's it.

18         THE COURT:  Okay.

19         MR. WESTON: Good afternoon, Your Honor.  On the

20   calendar today there are two motions, one to approve a sale of

21   certain vacant real property that FEGS owned on Duryea Place in

22   Brooklyn, a motion to assume and assign a lease on an adjacent

23   property that's owned by an independent third party, as well as

24   a status conference.

25         If Your Honor is okay, I'd like to proceed with the

Case 8-17-08043-reg    Doc 29    Filed 09/13/18    Entered 09/13/18 23:25:16
Case 8-15-71074-reg    Doc 809    Filed 02/15/17    Entered 02/15/17 16:25:34

Page 8

1    motions first and give you a status after I'm done.

2              THE COURT:  Sure.

3              MR. WESTON: First, with respect to the sale motion,

4    Your Honor, as I said, FEGS is the owner of a vacant parcel of

5    real property located at 21 Duryea Place in Brooklyn.  It is a

6    parking lot containing approximately 6500 square feet of space.

7    It's adjacent to a building that's owned by a third-party,

8    which is leased to FEGS as well.  And at that property, it has

9    housed a residential behavioral program that was transferred to

10   and is currently being administered by JBSCS, and indeed is the

11   subject of the second motion before Your Honor this afternoon.

12             We filed this motion back in November, November 17th,

13   seeking first the entry of a bid procedures order and

14   thereafter, approval of a sale.  The bid procedures order was

15   entered on the 19th of December.  We served the motion --

16   excuse me, the order of notice of auction and a sale hearing on

17   all parties required by the Court, including parties who had

18   previously expressed interest in the property.

19             The auction was held on February 2 and we seek the

20   Court's approval of the sale to David Levitan free and clear of

21   liens.  He was the successful bidder at $1,515,000, which was

22   $515,000 over the original stocking horse bid.

23             Just by way of background, Your Honor, we had earlier

24   retained Kalmon Dolgin in this case to act as exclusive real

25   estate broker to market the property.  Part of the issue we

Page 9

1   had, and I think I've elaborated on it to the Court previously,

2   is this parcel is part of the same zoning lot with the third-

3   party owned property adjacent to it.  So, a problem we had in

4   procuring bids is that any buyer really didn't know what kind

5   of development right it was ultimately acquiring with respect

6   to the vacant lot.

7           So, while we were developing alternative methods of

8   disposing of the properties, having received no bids through

9   Kalmon Dolgin, it turned out we received an unsolicited bid

10  from Mr. Levitan.

11          Mr. Levitan, it turned out, was also the contract

12  vendee, had a contract to purchase the adjacent building which

13  houses the JBSCS program.  So, he was going to be the joint

14  buyer -- joint owner of both pieces of property.

15  We negotiated a purchase and sale agreement for $1 million,

16  subject to higher and better bids, and he became the stalking

17  horse.

18          The bid procedures order set January 27th as the last

19  date to submit bids and we did receive one other bid from Kings

20  Equity Group, LLC, at $1,050,000, which was the minimum overbid

21  required, and all other elements of that contract and bid were

22  consistent with the requirements of the bid procedures.  And

23  the Debtor, in consultation with the Committee, qualified that

24  bid as an additional bid -- as a qualified bid, I should -- I'm

25  sorry.

Page 10

1           The auction, as I indicated earlier, proceeded on

2     February 2.  It was rather spirited, to say the least, and Mr.

3     Levitan was the successful bidder at $1,515,000.  And the

4     Committee and Debtor designated King Equity Group's bid of $1.5

5     million as the backup bid.

6           Mr. Levitan had been granted a breakup fee of

7     $25,000, and that will be adjusted at the closing, as they were

8     bidding on an apples-to-apples basis.  And as required by the

9     bid procedures --

10          THE COURT:  What do you mean, adjusted?

11          MR. WESTON: He'll be getting a $25,000 credit at the

12    closing against the purchase price, which is still higher and

13    better than they would have received if we got $1.5 million.

14          THE COURT:  I know, but is that --

15          MR. WESTON: Yeah, that was what our contractor --

16          THE COURT:  Am I out of this so long I don't

17    remember?  We have a breakup fee, the breakup fee, if the

18    original bidder who was given the breakup fee is successful, he

19    gets a credit for the amount of the breakup the?

20          MR. WESTON:  He does because they, of course, were

21    bidding on an apples-to-apples basis.  In other words, his bid

22    still comes out higher than the second bid.  That's how we did

23    it in Jerome, that's how we did it in (indiscernible), and we

24    did it here.  So, his net bid --

25          THE COURT:  Go ahead.

Page 11

1          MR. WESTON: Okay.  In any event, he has supplemented

2     his deposit such that the deposit now represents --

3          THE COURT:  Well, I'm just curious.  The other guy

4     bid $1.5 million?

5          MR. WESTON: Correct.  We would've had to pay a

6     breakup fee, so it would have been $1,475,000.

7          THE COURT:  But if you give Levitan back $25,000, he

8     bid --

9          MR. WESTON: It's still --

10         THE COURT:  -- $1,495,000.

11         MR. WESTON: $1,495,000.  It's higher.  Then we would

12    have received --

13         THE COURT:  It's funny, I just don't remember that's

14    how breakup fees work.

15         MR. WESTON: Yeah.

16         THE COURT:  I'll take your word for it, but...

17         MR. WESTON: So, we seek approval of the winning bid.

18    As you know, the property is no longer needed by the Debtor.

19    So at least we had -- we believe, that the sale is certainly in

20    the best interests of the estate and the estate's creditors at

21    this point.

22         We think the price that we received is fair and

23    reasonable, certainly in consideration of the zoning issues

24    that we confronted, the extent of the marketing process that we

25    ran for over a year with respect to the property, the

Page 12

1    competitive bid process that we ultimately underwent.  We

2    believe that the offer is fair and reasonable and in our

3    estimate, the best that we could receive.

4           We are looking to sell, free and clear of liens.

5    There are indeed no mortgages, no mechanic's liens --

6           THE COURT:  There's not going to be any caveat in my

7    order with granting the buyer of this any right greater than he

8    currently would get as a buyer outside of bankruptcy?

9           MR. WESTON:  That's correct.  The same form of order

10   that we had submitted before.

11          THE COURT:  Because I don't want to fool with the

12   City and what he does to the property and a million other

13   things.

14          MR. WESTON:  Right.

15          THE COURT:  I'll look at the order.

16          MR. WESTON: Okay.

17          THE COURT:  Anybody want to be heard on this?  The

18   Court will grant the motion.

19          MR. WESTON: Thank you, Your Honor.  Next, Your Honor,

20   is a motion to assume and assign the lease of the adjacent

21   building at 21 Duryea Place.  FEGS was the long-term lessee of

22   that building, in which was housed a residential program.  The

23   program, early in the case back in June of 2015, was, together

24   with all of the other behavioral health programs, assigned to

25   JBSCS.  JBSCS, you'll recall, assumed a number of real property

Page 13

1    leases in connection with those program transfers.

2            Given the long-term nature of this lease and the

3    uncertainty that JBSCS had as to how this was going to fit into

4    its long-term strategies and long-term plan, there was no

5    assumption and assignment at that point in time of this lease.

6    It's a residential lease we have, through confirmation, to

7    assume.  They have now made the determination that they want to

8    assume the lease.  It extends through 2033.

9            The lease is current.  We have been paying all

10   obligations.  JBSCS has been granted use --

11            THE COURT:  Who's the lessor?

12            MR. WESTON:  FEGS is the lessor.  The lessor -- I'm

13   sorry -- is Marvin Beinhorn.  It's 21 Duryea Place, LLC, is the

14   lessor.

15            THE COURT:  And he's agreeing to -- he's not

16   objecting to this?

17            MR. WESTON: No objection.  The lease currently is at

18   a rate of about $960,000 per year, with increases over the term

19   of the lease, ratchets up to about $1.2 million on an annual

20   rent basis.  As I said, we are current in our rent.  Indeed,

21   rent has been paid, as well as taxes, through February 28th.

22            The proposed motion seeks an order which requires

23   JBSCS to remit the security deposit to us and replace the

24   security deposit with the new landlord.  We've been in touch

25   with both parties.  The form of order has been circulated both

Page 14

1    to JBSCS and the landlord.

2              THE COURT:  And these are leases to what?

3    Residential apartments --

4              MR. WESTON:  There are 39 rooms that house a young

5    adult and rehabilitation program.  There are 39 beds housed in

6    the building, and these are youths with behavioral issues --

7              THE COURT:  And we've already transferred the

8    programs?

9              MR. WESTON:  We've transferred the program --

10             THE COURT:  So these have --

11             MR. WESTON:  I'm sorry.

12             THE COURT:  These are the units the clients occupy?

13             MR. WESTON:  Correct.  This is the units that --

14             THE COURT:  And it's not --

15             MR. WESTON:  -- house the residents in the programs.

16             THE COURT:  And it's adjacent to what we just sold?

17             MR. WESTON:  Correct.

18             THE COURT:  And is it owned by the same people who

19    bought...?

20             MR. WESTON:  The party who was the bidder on the

21    vacant property is under contract to buy this building as well.

22    And indeed, I think that closing is occurring today.  He has --

23             THE COURT:  Once he assumes this lease, can he

24    ultimately -- will be the lessor and lessee at that point?

25             MR. WESTON:  Correct.  No, lessor.  JBSCS will be the

Page 15

1    lessee.   Third party will continue to own the building.

2            THE COURT:   Well, aren't we assigning --

3            MR. WESTON:   No, we're assigning the lease to JBSCS.

4            THE COURT:   Which is what, the Jewish Welfare?

5            MR. WESTON:   Jewish Board who is administering the

6    program.

7            THE COURT:   So, we're pretty certain that if the guy

8    wants to do an assemblage you can't kick these people out?

9            MR. WESTON:   They've consented to the motion, but

10   they've been served with it, they're aware of it, he's got no

11   objection to the motion.

12           THE COURT:   All right.   I'm sure we'll see this one

13   again.   Anybody want to be heard on this?   How many more years

14   does your lease have?

15           MR. WESTON:   2033.   That's about another 16 years.

16           THE COURT:   He'll be the lessee; the Jewish Welfare

17   Board will be the lessor?

18           MR. WESTON:   No.   The Jewish Board will be the

19   lessee.

20           THE COURT:   Lessee.

21           MR. WESTON:   They're administering the program that

22   will house the tenants.   The owner of the building, who is

23   acquiring the building today, will be the lessor.

24           THE COURT:   But he can't terminate this lease

25   unilaterally?

Page 16

1            MR. WESTON:  No.  It's good rent.  It's a healthy

2     return.

3            THE COURT:  No, no, no.  It's fine with me.  I would

4     like to make sure that it stays what it is.

5            MR. WESTON:  Sure, because it maintains, obviously,

6     continuity of the program and continuity of the client

7     residents.

8            THE COURT:  All right.  He's not objecting.  We'll

9     take a look at the order, but I'll tell you, the order is not

10    going to have a lot of ways for him to get out of this.

11           MR. WESTON:  No.  Indeed --

12           THE COURT:  All right, I'll grant the motion.

13           MR. WESTON:  Thank you, Your Honor.

14           Briefly, by way of status, I think we gave a fairly

15    detailed status report at the hearing as to what was

16    transpiring with the bid process between the State and

17    providers on the one hand and Almark on the other.  Your Honor

18    may we recall that we had received an unsolicited all cash bid

19    from the Almark Liberty 1 joint venture.  We had put due

20    diligence requests out to both parties, received responses from

21    both the State and providers on the one hand and Liberty and

22    Almark on the other hand.

23           I think in the December hearing we were just about to

24    have both parties appear at the board meeting.  In December,

25    both parties did, made presentations of their respective offers

Page 17

1    to the board.  The board had a fairly comprehensive discussion

2    at that meeting.  Mr. Scharf was also in attendance to hear the

3    presentations.  The board put out a second set of due diligence

4    requests to both parties, going to issues such as financial

5    commitments, capital resources, plans with respect to --

6              THE COURT:  Who's buying it?  The State?

7              MR. WESTON: The State -- the individual providers

8    that took the programs are buying the properties.

9              THE COURT:  As a group or as individual buildings?

10             MR. WESTON:  Individually.  In other words, UCP will

11   buy the properties that has the residents and the program, that

12   it's run just like JBSCS is -- I'm sorry.  I don't want to

13   confuse matters.  UCP will buy the buildings that house the

14   residents of the programs it took.  HRC will buy the buildings

15   that house the residents' programs it took.  JBSCS will be

16   buying the OMH properties, which house the residents that are

17   covered by his programs.  The State is providing financial

18   support.

19             THE COURT:  To those entities?

20             MR. WESTON: To those entities.  With respect to the

21   OMH properties, the financial support is going to be through a

22   grant program.  With respect to the OPWDD programs -- and we'll

23   spell this out in a motion -- eventually, it'll be through what

24   they call the PPA program, Prior Property Approval, which is a

25   support program for traditional bank financing.

Page 18

1        THE COURT:  But the concept is all of the buildings.

2    Are both sides' deals predicated on buying all of the

3    buildings?

4        MR. WESTON:  Yes, substantially all of the buildings.

5    On the Liberty 1 Almark, they've carved out seven, which are

6    underwater, which in fact we asked them to carve out.  But yes,

7    effectively, they're dealing with all of the remaining

8    buildings.

9        THE COURT:  And the beneficiary of those funds are

10   essentially the State bond packages?

11       MR. WESTON:  The --

12       THE COURT:  Mortgages.

13       MR. WESTON:  The bond holders will be the

14   beneficiaries to the extent that the debt is all being assumed,

15   or if it's an all cash deal, the bonds will be -- I mean, the -

16   -

17       THE COURT:  Ah.

18       MR. WESTON:  -- mortgage would be paid.

19       THE COURT:  So the bids can...  I get it.  So, one

20   bid may get you off the hook; the other is cash?

21       MR. WESTON:  Yeah.  One's cash, which is going to pay

22   off the bonds; the other is going to be an assumption of all

23   debt, as well as cash.  Creditors -- actually, the net dollars

24   to creditors under both bids right now, effectively the same.

25   The big difference from the FEGS board's standpoint and, if I

Page 19

1    might, just after the board meeting, we put out a second due

2    diligence request, as I was saying, asking information with

3    respect to plans with regard to the clients themselves,

4    guarantees that the clients would have continued residency

5    rights.  Obviously, under the State provider bids, they will.

6         Under Almark, there was an agreement to be the

7    tenants in place for up to 30 months while they negotiated

8    long-term leases.

9         THE COURT:  Well, that's going to affect... Well, I

10   don't know, I haven't seen it and you guys have to select it.

11   But one of the things I've learned with these charitable

12   functions, charitable bankruptcies, not-for-profit

13   bankruptcies, is that part of the determination of the Court as

14   to what is better, higher is easy.  What's better is what

15   better reflects what's the best way to reflect the intent of

16   the entity that is now in front of you, as opposed to what's

17   the highest money that a creditor can get.

18        MR. WESTON:  That's absolutely the case.  And indeed,

19   the board, in its consideration, has considered its dual

20   mission or dual duty going to creditors and true to the

21   continuity of the mission.

22        After the board meeting in December and after

23   receiving responses from both parties, there was a very

24   comprehensive discussion by the board at a meeting on January

25   25th, at which both offers were thoroughly vetted by the board.

Page 20

1    As I said, from an economic standpoint, they're effectively the

2    same.   The difference is about $80,000.

3          From a mission standpoint, however, the board felt

4    rather strongly that the State provider proposal provides

5    continuity of care and the best assurance for the continued

6    residents of a very fragile population.

7          Their concern was -- and we'll spell it out more so

8    in the motion -- is that at the end of 30 months, if the

9    Liberty Almark Group doesn't have long-term leases, the notion

10   of trying to relocate clients and trying to find new properties

11   for them could have a devastating effect on the client

12   population.

13         THE COURT:  Well, we've been involved in this case

14   now for a while.

15         MR. WESTON: Mm hmm.

16         THE COURT:  And all the parties have tried, hopefully

17   to this point successfully, to take into consideration the

18   needs of these folks.

19         MR. WESTON: And --

20         THE COURT:  You've moved a lot of things quickly that

21   we would not ordinarily do, but for the fact that you had a lot

22   of folks at risk.

23         MR. WESTON: Which --

24         THE COURT:  That analysis, at least for me, is going

25   to continue, so...

Page 21

1    MR. WESTON: Which Your Honor has helped us out

2    tremendously at the beginning of this case.

3    In any event, the board has designated the state

4    providers as the potential stalking horse bid.  They've

5    authorized a chief wind-down officer, Ms. Pincus, to go forward

6    and negotiate final APAs and settlement agreements with the

7    state.

8    We will bring on a sale motion.  It will establish a

9    bid process.  And we will ask ultimately for entry of an order

10    setting forth bid procedures --

11    THE COURT:  Now, this is essentially all the

12    remaining assets?

13    MR. WESTON: This is --

14    THE COURT:  Part assets.

15    MR. WESTON:  Well, actually, all of the remaining

16    assets.  There is one single piece of property and then there

17    are the interests in the four real estate entities, which we

18    don't own, and which we just -- I'm sorry, which are not

19    properties of FEGS, but which FEGS has an interest in.  Those

20    are the Tanya Towers, (indiscernible), Forsyth and Tonya 2,

21    which will probably be a subject in a separate sale motion.

22    THE COURT:  But if this is a big enough number and

23    these are all properties in the city?

24    MR. WESTON: I'm sorry.

25    THE COURT:  Aren't all these properties in the city?

Page 22

1          MR. WESTON: All these properties are in the city

2    (indiscernible).

3          THE COURT:  So, you're going to want relief.  So,

4    you've got to let me know where we are in the plan process.

5          MR. WESTON: Absolutely.  Absolutely.

6          THE COURT:  Because this is going to be a big number.

7          MR. WESTON: Yeah.  So, that's where we are.  Briefly,

8    on status, I anticipate that we'll have agreements filed and a

9    sale motion ultimately filed, and we'll keep Your Honor

10   apprised of the timing.

11         MR. WESTON:  Just quickly, the Union settlement, as

12   Your Honor knows, is approved.  That's been funded, or it will

13   be funded within the next couple of weeks.  Weinberg's

14   settlement was approved.  That has been funded.  In fact, I

15   spoke to Mr. (indiscernible) on Friday.  He's indicated that a

16   substantial portion of the one six has been redesignated to a

17   lot of metro area charities serving a very similar purpose to

18   FEGS.  This has been redesignated by the Weinberg Foundation

19   already.

20         THE COURT:  I'm glad we got that one done.

21         MR. WESTON: Yes.

22         THE COURT:  There were a couple of cases that

23   followed that -- decisions that would've caused me some issues,

24   but it's gone.

25         MR. WESTON: Lastly, we are in the throes of

Page 23

1    discussions with the Department of Labor trying to fashion a

2    settlement of WARN and severance claims of the non-union

3    employees.  You recall, we did the same with the union.  That

4    settlement is taking on, really effectively, the same contours,

5    what's good for the goose is good for the gander, without

6    looking to give them a better deal or a worse deal.  I think we

7    have an agreement in principle and we'll be hopefully

8    negotiating -- excuse me.

9              THE COURT:  So, you got that $3 million, give or

10   take, out to the employees?

11             MR. WESTON: It should be going out within the next

12   week or two.  It's with the payroll company at this point.

13             THE COURT:  Good.

14             MR. WESTON:  That's where we are.

15             MR. SCHARF:  Quickly, Your Honor, just to follow up

16   on some of the points Mr. Weston made.  So, one thing we're

17   going to be handing up right now, or hopefully submitting to

18   Your Honor, is a stipulation between the Committee and the

19   Debtor to give the Committee standing to bring causes of

20   action, to assert causes of action, against the Debtor's former

21   accountant/auditor as well as some of the principals of the

22   Debtor.  Your Honor had asked, at the beginning of this case,

23   for an explanation of what had happened here.

24             We believe that we will have those laid out very

25   clearly in a number of complaints.  In addition, we'll also

Page 24

1    allow the Committee to bring preference actions.  We're

2    approaching the two-year mark.  We had hoped that preference

3    issues could be addressed post-petition -- sorry, for

4    confirmation of a plan.  But, unfortunately, it looks like

5    we're not going to be able to do that, and we may bring the

6    actions to preserve the statute of limitations, but at the same

7    time, asked to hold off on prosecuting those until a plan is

8    confirmed.,

9            THE COURT:  Well, I'll look at what you filed.  Just

10   remember the creation of an entity to bring claims on behalf of

11   the Debtor, the language of that stip and the ultimate order,

12   be very careful with.

13           MR. SCHARF:  Yes, Your Honor.

14           THE COURT:  There's a lot of litigation these days

15   about what's the scope, and if it wasn't a transfer, that a

16   litigating trustee does not necessarily have exactly the same

17   powers as the Chapter 11 Trustee, which would be the debtor in

18   possession.  So, let's just try to do it right the first time.

19   I know you guys do, but...

20           MR. SCHARF:  Your Honor, we've fought off those

21   claims in many other cases.  So, I think we've -- I'm hoping

22   that we have the language down pat at this point, but we, of

23   course, continue to updated as --

24           THE COURT:  All right.

25           MR. SCHARF:  -- the case law developed.  And in

Page 25

1    addition, just one final comment on the negotiation of the

2    grand sale of all of the properties.  As Your Honor is aware,

3    that was a very long negotiation, which involved a lot of back

4    and forth behind the scenes, instead of in front of the Court.

5    And we're happy that the Debtor has obtained the bid it's

6    obtained and is moving forward with the sale process.  Of

7    course, we hope to see that increase --

8                THE COURT:  No, that's -- it's a --

9                MR. SCHARF:   -- as matters go forward.

10               THE COURT:  I well can appreciate the complexity of a

11   deal like that, so...

12               MR. SCHARF:  Sure.  And in addition, just with

13   respect to Your Honor's comments about continuity of care and

14   the Debtor's mission, we were lucky enough during this

15   negotiation to have the Hebrew Homes case come out in the

16   Second District, which has given us a very helpful roadmap,

17   which frankly, we have not had in cases of a similar nature.

18   So, there's been that level of guidance in this case as well.

19               THE COURT:  All right.  I agree with those cases.

20               MR. WESTON: When the stipulation gets filed, Your

21   Honor, on the docket --

22               THE COURT:  Just file it.

23               MR. SCHARF:  Okay.

24               THE COURT:  Give it to me.

25               MR. SCHARF:  Very good.

Page 26

1          THE COURT:  All right.

2          MR. SCHARF:  Thank you.

3          THE COURT:  Thank you, all.  Well, he's going to want

4     a hearing -- he's going to want a date.  Do you want me to put

5     down a date for you for next status?  When do you think you

6     would have something you want to tee up?  I don't want to make

7     you come in twice.

8          MR. WESTON:  How about if we confer and get back to

9     you, Judge?

10         THE COURT:  Just get back and pick a date.

11         MR. WESTON:  Good.  Thank you.  We will, Your Honor.

12         THE COURT:  We didn't resolve the carry to whatever

13    date, concise explanation.  Anybody on the phone want to be

14    heard or even still on the phone?  Anybody on the phone gets a

15    million dollars.  Anybody left?  Never leave early.

16         WOMAN 1:  Yes, Your Honor.

17         THE COURT:  Thank you.

18         MR. WESTON:  Thank you, Judge.  We'll submit both

19    orders.

20

21

22

23

24

25

Page 27

1                             I N D E X

2

3                            RULINGS

4                                          Page        Line

5    Motion to Approve Bid Procedures, granted    16         12

6    Motion to Authorize Assumption, granted      12         17

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 28

1                C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    **Sonya**

6    **Ledanski Hyde**

7

Digitally signed by Sonya Ledanski Hyde
DN: cn=Sonya Ledanski Hyde,
o=Veritext, ou,
email=digital@veritext.com, c=US
Date: 2017.02.15 16:19:45 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:   February 15, 2017

Case 8-17-08043-reg    Doc 29    Filed 09/13/18    Entered 09/13/18 23:25:16
Case 8-15-71074-reg    Doc 809    Filed 02/15/17    Entered 02/15/17 16:25:34

[& - assume]                                                                Page 1

| & | | | |
|---|---|---|---|

**&**  3:3,11,18,19
  4:8,15 5:9 6:3,19
  7:4,4,11,15

**0**

**02199**  3:22

**1**

**1**  6:21,23 9:15
  16:19 18:5 26:16
**1,050,000**  9:20
**1,475,000**  11:6
**1,495,000**  11:10
  11:11
**1,515,000**  8:21
  10:3
**1.2**  13:19
**1.5**  10:4,13 11:4
**10005**  4:4
**10017**  4:19
**10019**  3:14
**10166**  3:7
**11**  24:17
**11021**  5:4
**111**  5:3
**11501**  28:23
**11530**  5:12
**11722**  1:15 5:20
**11757**  4:11
**12**  27:5,6
**15**  28:25
**156**  2:1
**16**  15:15 27:5
**165**  4:10
**17**  27:6
**17th**  8:12
**19th**  8:15
**1:39**  1:18

**2**

**2**  8:19 10:2 21:20
**200**  3:6
**2015**  12:23

**2017**  1:17 28:25
**2033**  13:8 15:15
**21**  2:4,6 8:5 12:21
  13:13
**25,000**  10:7,11
  11:7
**25th**  19:25
**27th**  9:18
**28th**  13:21
**290**  1:14

**3**

**3**  23:9
**30**  19:7 20:8
**300**  28:22
**330**  28:21
**34th**  4:18
**37th**  4:3
**39**  14:4,5

**4**

**40**  4:3
**400**  5:11

**5**

**515,000**  8:22
**56**  6:2
**560**  5:19
**58**  6:2

**6**

**6**  1:17
**6500**  8:6

**7**

**764**  2:5
**779**  2:3
**780**  4:18
**787**  3:13
**793**  2:10

**8**

**8-15-71074**  1:3
**80,000**  20:2
**800**  3:20

**9**

**960,000**  13:18

**a**

**able**  24:5
**absolutely**  19:18
  22:5,5
**accountant**  23:21
**accurate**  28:4
**acquiring**  9:5
  15:23
**act**  8:24
**action**  23:20,20
**actions**  24:1,6
**adam**  5:6 6:7,12
**addition**  23:25
  25:1,12
**additional**  9:24
**addressed**  24:3
**adjacent**  7:22 8:7
  9:3,12 12:20
  14:16
**adjusted**  10:7,10
**administered**  8:10
**administering**
  15:5,21
**adult**  14:5
**affect**  19:9
**afternoon**  6:4,15
  6:24 7:3,6,7,8,10
  7:12,14,19 8:11
**agree**  25:19
**agreeing**  13:15
**agreement**  9:15
  19:6 23:7
**agreements**  21:6
  22:8
**agudelo**  3:24 6:15
  6:16,18 7:3,3
**ah**  18:17
**ahead**  6:11 10:25
**alfonse**  5:18
**allow**  24:1

**almark**  16:17,19
  16:22 18:5 19:6
  20:9
**alternative**  9:7
**amount**  10:19
**analysis**  20:24
**annual**  13:19
**anticipate**  22:8
**anybody**  6:6
  12:17 15:13 26:13
  26:14,15
**apartments**  14:3
**apas**  21:6
**appear**  16:24
**appearance**  7:1
**apples**  10:8,8,21
  10:21
**appreciate**  25:10
**apprised**  22:10
**approaching**  24:2
**approval**  8:14,20
  11:17 17:24
**approve**  7:20 27:5
**approved**  22:12
  22:14
**approving**  2:3
**approximately**
  8:6
**area**  22:17
**artura**  4:8,13
**asked**  18:6 23:22
  24:7
**asking**  19:2
**assemblage**  15:8
**assert**  23:20
**assets**  21:12,14,16
**assign**  7:22 12:20
**assigned**  12:24
**assigning**  15:2,3
**assignment**  2:11
  13:5
**assume**  7:22
  12:20 13:7,8

**[assumed - competitive]**                                                      Page 2

assumed   12:25
  18:14
assumes   14:23
assumption   2:10
  13:5 18:22 27:6
assurance   20:5
attendance   17:2
attorney   3:4,12
  3:19 4:2,9,16 5:2
  5:10,17
auction   2:5 8:16
  8:19 10:1
auditor   23:21
authorize   27:6
authorized   21:5
authorizing   2:10
avenue   3:6,13
  4:10,18
aware   15:10 25:2

**b**

b   1:21
back   8:12 11:7
  12:23 25:3 26:8
  26:10
background   8:23
backup   10:5
bank   17:25
bankruptcies
  19:12,13
bankruptcy   1:1
  1:13,23 12:8
basis   10:8,21
  13:20
battaglia   4:1 7:8
beds   14:5
beginning   21:2
  23:22
behalf   2:8,13 6:13
  6:17,18 7:4,9,11
  7:13 24:10
behavioral   8:9
  12:24 14:6

beinhorn   13:13
believe   11:19 12:2
  23:24
beneficiaries
  18:14
beneficiary   18:9
benzija   4:1 7:8
berkoff   5:14
berkowitz   5:6 6:7
  6:12
best   11:20 12:3
  19:15 20:5
better   9:16 10:13
  19:14,14,15 23:6
bid   2:3 8:13,14,22
  9:9,18,19,21,22
  9:24,24,24 10:4,5
  10:9,21,22,24
  11:4,8,17 12:1
  16:16,18 18:20
  21:4,9,10 25:5
  27:5
bidder   8:21 10:3
  10:18 14:20
bidding   10:8,21
bids   9:4,8,16,19
  18:19,24 19:5
big   18:25 21:22
  22:6
board   2:12 3:19
  6:18 7:4 15:5,17
  15:18 16:24 17:1
  17:1,3 19:1,19,22
  19:24,25 20:3
  21:3
board's   18:25
bond   18:10,13
bonds   18:15,22
boston   3:22
bought   14:19
boylston   3:20
breakup   10:6,17
  10:17,18,19 11:6

11:14
briefly   16:14 22:7
bring   21:8 23:19
  24:1,5,10
broker   8:25
brooklyn   2:4,6
  7:22 8:5
building   8:7 9:12
  12:21,22 14:6,21
  15:1,22,23
buildings   17:9,13
  17:14 18:1,3,4,8
burton   2:7,13 5:7
  6:4,12
buy   14:21 17:11
  17:13,14
buyer   9:4,14 12:7
  12:8
buying   17:6,8,16
  18:2

**c**

c   3:1 6:1 28:1,1
calendar   7:20
call   17:24
capital   17:5
care   20:5 25:13
careful   24:12
carol   7:12
carrie   3:9 7:10
carry   26:12
carve   18:6
carved   18:5
case   1:3 8:24
  12:23 19:18 20:13
  21:2 23:22 24:25
  25:15,18
cases   22:22 24:21
  25:17,19
cash   16:18 18:15
  18:20,21,23
caused   22:23
causes   23:19,20

caveat   12:6
central   1:15 5:18
  5:20
certain   2:11 7:21
  15:7
certainly   11:19,23
certified   28:3
chapter   24:17
charitable   19:11
  19:12
charities   22:17
checking   6:8
chief   21:5
children   2:12 3:19
  6:19 7:5
circulated   13:25
city   5:11,12 12:12
  21:23,25 22:1
claims   2:7 23:2
  24:10,21
clear   2:6 8:20
  12:4
clearly   23:25
clerk   6:2,20 7:1
  7:17
client   16:6 20:11
clients   14:12 19:3
  19:4 20:10
closing   10:7,12
  14:22
come   25:15 26:7
comes   10:22
comment   25:1
comments   25:13
commitments
  17:5
committee   4:16
  4:17 6:17 9:23
  10:4 23:18,19
  24:1
company   23:12
competitive   12:1

[complaints - estimate]

complaints 23:25
complexity 25:10
comprehensive 17:1 19:24
concept 18:1
concern 20:7
concise 26:13
confer 26:8
conference 2:1 7:24
confirmation 13:6 24:4
confirmed 24:8
confronted 11:24
confuse 17:13
connection 13:1
consented 15:9
consideration 11:23 19:19 20:17
considered 19:19
consistent 9:22
consultation 9:23
containing 8:6
continue 15:1 20:25 24:23
continued 19:4 20:5
continuity 16:6,6 19:21 20:5 25:13
contours 23:4
contract 9:11,12 9:21 14:21
contractor 10:15
corporation 3:12 7:16
correct 11:5 12:9 14:13,17,25
counsel 7:15
country 28:21
couple 22:13,22
course 10:20 24:23 25:7

court 1:1,13 6:6,8 6:11,22 7:18 8:2 8:17 9:1 10:10,14 10:16,25 11:3,7 11:10,13,16 12:6 12:11,15,17,18 13:11,15 14:2,7 14:10,12,14,16,18 14:23 15:2,4,7,12 15:16,20,24 16:3 16:8,12 17:6,9,19 18:1,9,12,17,19 19:9,13 20:13,16 20:20,24 21:11,14 21:22,25 22:3,6 22:20,22 23:9,13 24:9,14,24 25:4,8 25:10,19,22,24 26:1,3,10,12,17
court's 8:20
courthouse 5:19
covered 17:17
cox 4:8
creation 24:10
credit 10:11,19
creditor 4:9,17 19:17
creditors 4:16 11:20 18:23,24 19:20
curious 11:3
current 13:9,20
currently 8:10 12:8 13:17

d

d 4:21 6:1 27:1
d'amato 5:18
date 9:19 26:4,5 26:10,13 28:25
david 8:20
davini 7:13
days 24:14

deal 18:15 23:6,6 25:11
dealing 18:7
deals 18:2
debt 18:14,23
debtor 1:9 5:2 6:13 9:23 10:4 11:18 23:19,22 24:11,17 25:5
debtor's 23:20 25:14
debtors 2:4
december 8:15 16:23,24 19:22
decisions 22:23
dennison 7:12,13
department 4:2 5:16 7:9 23:1
deposit 11:2,2 13:23,24
designated 10:4 21:3
detailed 16:15
determination 13:7 19:13
devastating 20:11
developed 24:25
developing 9:7
development 9:5
developmental 3:4
difference 18:25 20:2
diligence 16:20 17:3 19:2
disabilities 3:5
discussion 17:1 19:24
discussions 23:1
disposing 9:8
district 1:2 25:16
docket 25:21

dolgin 8:24 9:9
dollars 18:23 26:15
dual 19:19,20
due 16:19 17:3 19:1
duryea 2:4,6 7:21 8:5 12:21 13:13
duty 19:20

e

e 1:21,21,22 3:1,1 6:1,1 27:1 28:1
earlier 8:23 10:1
early 12:23 26:15
eastern 1:2
easy 19:14
economic 20:1
ecro 1:25
effect 20:11
effectively 18:7,24 20:1 23:4
elaborated 9:1
elements 9:21
employees 23:3 23:10
employment 1:7 2:8,13 6:3
encumbrances 2:7
entered 8:15
entities 17:19,20 21:17
entity 19:16 24:10
entry 8:13 21:9
equity 9:20 10:4
essentially 18:10 21:11
establish 21:8
estate 8:25 11:20 21:17
estate's 11:20
estimate 12:3

event 11:1 21:3
eventually 17:23
exactly 24:16
exclusive 8:24
excuse 8:16 23:8
explanation 23:23
26:13
expressed 8:18
extends 13:8
extent 11:24
18:14

**f**

f 1:21 4:13 28:1
fact 18:6 20:21
22:14
fair 11:22 12:2
fairly 16:14 17:1
family 2:12 3:19
6:19 7:4
farr 3:11 7:15
fashion 23:1
february 1:17
8:19 10:2 13:21
28:25
federal 1:14 5:19
federation 1:7 2:8
2:13 6:2 7:2
fee 10:6,17,17,18
11:6
fees 11:14
feet 8:6
fegs 6:13 7:21 8:4
8:8 12:21 13:12
18:25 21:19,19
22:18
felt 20:3
file 25:22
filed 8:12 22:8,9
24:9 25:20
final 21:6 25:1
financial 17:4,17
17:21

financing 17:25
find 20:10
fine 16:3
first 8:1,3,13
24:18
fit 13:3
floor 4:3,18
fojp 3:12 7:15
folks 20:18,22
follow 23:15
followed 22:23
fool 12:11
foregoing 28:3
form 12:9 13:25
former 23:20
forsyth 21:20
forth 21:10 25:4
forward 21:5 25:6
25:9
fought 24:20
foundation 22:18
four 21:17
fragile 20:6
frankly 25:17
free 2:6 8:20 12:4
friday 22:15
front 19:16 25:4
functions 19:12
funded 22:12,13
22:14
funds 18:9
funny 11:13

**g**

g 6:1
gallagher 3:11
7:15
gander 23:5
garden 5:11,12
garfunkel 5:1 6:7
6:12
getting 10:11
give 8:1 11:7 23:6
23:9,19 25:24

given 10:18 13:2
25:16
glad 22:20
go 6:11 10:25 21:5
25:9
going 9:13 12:6
13:3 16:10 17:4
17:21 18:21,22
19:9,20 20:24
22:3,6 23:11,17
24:5 26:3,4
good 6:4,15,23,24
7:3,6,7,7,10,12,14
7:19 16:1 23:5,5
23:13 25:25 26:11
goose 23:5
grand 25:2
grant 12:18 16:12
17:22
granted 10:6
13:10 27:5,6
granting 12:7
gray 3:18 7:4
great 5:3,4
greater 12:7
grossman 1:22
group 9:20 17:9
20:9
group's 10:4
gu 4:6 7:7,8
guarantees 19:4
guidance 1:7 2:8
2:14 6:3 25:18
guy 11:3 15:7
guys 19:10 24:19

**h**

halperin 4:1 7:8
hamroff 5:9
hand 16:17,21,22
handing 23:17
happened 23:23
happy 25:5

hardman 3:9 7:6
7:10,10
he'll 10:11 15:16
health 12:24
healthy 16:1
hear 17:2
heard 12:17 15:13
26:14
hearing 2:1,3,10
8:16 16:15,23
26:4
hebrew 25:15
held 8:19
helped 21:1
helpful 25:16
higher 9:16 10:12
10:22 11:11 19:14
highest 19:17
hmm 20:15
hock 5:9
hold 6:20 24:7
holders 18:13
homes 25:15
hon 1:22
honor 6:4,15,24
7:6,8,12,14,19,25
8:4,11,23 12:19
12:19 16:13,17
21:1 22:9,12
23:15,18,22 24:13
24:20 25:2,21
26:11,16
honor's 25:13
hook 18:20
hope 25:7
hoped 24:2
hopefully 20:16
23:7,17
hoping 24:21
horse 8:22 9:17
21:4
house 14:4,15
15:22 17:13,15,16

**housed** 8:9 12:22 14:5
**houses** 9:13
**hrc** 17:14
**hyde** 2:25 28:3,8

**i**

**ilan** 4:21 6:14
**including** 8:17
**increase** 25:7
**increases** 13:18
**independent** 7:23
**indicated** 10:1 22:15
**indiscernible** 10:23 21:20 22:2 22:15
**individual** 17:7,9
**individually** 17:10
**information** 19:2
**intent** 19:15
**interest** 8:18 21:19
**interested** 3:5,12 5:10
**interests** 11:20 21:17
**involved** 20:13 25:3
**islip** 1:15 5:18,20
**issue** 8:25
**issues** 11:23 14:6 17:4 22:23 24:3
**it'll** 17:23

**j**

**january** 9:18 19:24
**jbfcs** 2:13
**jbscs** 8:10 9:13 12:25,25 13:3,10 13:23 14:1,25 15:3 17:12,15

**jerome** 10:23
**jewish** 2:12 3:19 6:18 7:4 15:4,5,16 15:18
**joint** 9:13,14 16:19
**jonathan** 3:24 6:16 7:3
**jones** 4:15
**judge** 1:23 26:9 26:18
**june** 12:23
**justice** 5:16

**k**

**kalmon** 8:24 9:9
**keep** 22:9
**kick** 15:8
**kind** 9:4
**king** 10:4
**kings** 9:19
**know** 6:22,22 9:4 10:14 11:18 19:10 22:4 24:19
**knows** 22:12

**l**

**labor** 4:2 7:9 23:1
**laid** 23:24
**landlord** 13:24 14:1
**language** 24:11,22
**lastly** 22:25
**law** 24:25
**learned** 19:11
**lease** 2:12 7:22 12:20 13:2,5,6,8,9 13:17,19 14:23 15:3,14,24
**leased** 8:8
**leases** 13:1 14:2 19:8 20:9
**leave** 26:15
**ledanski** 2:25 28:3 28:8

**left** 26:15
**legal** 28:20
**leslie** 5:14
**lessee** 12:21 14:24 15:1,16,19,20
**lessor** 13:11,12,12 13:14 14:24,25 15:17,23
**level** 25:18
**levitan** 8:20 9:10 9:11 10:3,6 11:7
**liberty** 16:19,21 18:5 20:9
**liens** 2:7 8:21 12:4 12:5
**ligee** 4:6 7:8
**limitations** 24:6
**lindenhurst** 4:11
**line** 27:4
**litigating** 24:16
**litigation** 24:14
**llc** 9:20 13:13
**llp** 3:11,18 4:1 5:9
**located** 2:4 8:5
**long** 10:16 12:21 13:2,4,4 19:8 20:9 25:3
**longer** 11:18
**look** 12:15 16:9 24:9
**looking** 12:4 23:6
**looks** 24:4
**lot** 8:6 9:2,6 16:10 20:20,21 22:17 24:14 25:3
**lucky** 25:14

**m**

**m** 5:18
**ma** 3:22
**maintains** 16:5
**man** 6:21,23
**mark** 24:2

**market** 8:25
**marketing** 11:24
**marvin** 13:13
**matter** 1:5
**matters** 6:2 17:13 25:9
**mean** 10:10 18:15
**mechanic's** 12:5
**meeting** 16:24 17:2 19:1,22,24
**methods** 9:7
**metro** 22:17
**million** 9:15 10:5 10:13 11:4 12:12 13:19 23:9 26:15
**mineola** 28:23
**minimum** 9:20
**mission** 19:20,21 20:3 25:14
**mm** 20:15
**money** 19:17
**months** 19:7 20:8
**moritt** 5:9
**mortgage** 18:18
**mortgages** 12:5 18:12
**motion** 2:5,10 7:22 8:3,11,12,15 12:18,20 13:22 15:9,11 16:12 17:23 20:8 21:8 21:21 22:9 27:5,6
**motions** 7:20 8:1
**moved** 20:20
**moving** 25:6

**n**

**n** 3:1 6:1 27:1 28:1
**nature** 13:2 25:17
**necessarily** 24:16
**neck** 5:3,4
**needed** 11:18

needs 20:18
negotiate 21:6
negotiated 9:15
  19:7
negotiating 23:8
negotiation 25:1,3
  25:15
net 10:24 18:23
never 26:15
new 1:2,15 2:6 3:7
  3:14 4:2,4,19 7:9
  13:24 20:10
non 23:2
notice 8:16
notion 20:9
november 8:12,12
number 6:2 12:25
  21:22 22:6 23:25
ny 2:5 3:7,14 4:4
  4:11,19 5:4,12,20
  28:23
nys 3:4

**o**

o 1:21 6:1 28:1
objecting 13:16
  16:8
objection 13:17
  15:11
obligations 13:10
obtained 25:5,6
obviously 16:5
  19:5
occupy 14:12
occurring 14:22
offer 12:2
offers 16:25 19:25
office 3:4 5:18
officer 21:5
official 4:16
oh 6:10,23 7:7
okay 7:18,25 11:1
  12:16 25:23

old 28:21
omh 7:11 17:16
  17:21
once 14:23
one's 18:21
opposed 19:16
opwdd 7:11 17:22
order 2:3 8:13,14
  8:16 9:18 12:7,9
  12:15 13:22,25
  16:9,9 21:9 24:11
orders 26:19
ordinarily 20:21
original 8:22
  10:18
outside 12:8
overbid 9:20
owned 7:21,23 8:7
  9:3 14:18
owner 8:4 9:14
  15:22

**p**

p 3:1,1 6:1
p.c. 5:1
pachulski 4:15
  6:14
packages 18:10
page 27:4
paid 13:21 18:18
parcel 8:4 9:2
park 3:6
parking 8:6
part 8:25 9:2
  19:13 21:14
parties 8:17,17
  13:25 16:20,24,25
  17:4 19:23 20:16
party 3:5,12 5:10
  7:23 8:7 9:3 14:20
  15:1
pat 24:22
pay 11:5 18:21

paying 13:9
payroll 23:12
people 3:4 6:8
  14:18 15:8
petition 24:3
phillips 4:8
phone 6:6,9 7:1
  26:13,14,14
pick 26:10
piece 21:16
pieces 9:14
pincus 21:5
place 2:4,6 7:21
  8:5 12:21 13:13
  19:7
plan 13:4 22:4
  24:4,7
plans 17:5 19:3
plaza 1:14 5:11,19
please 6:20 7:1
pm 1:18
point 11:21 13:5
  14:24 20:17 23:12
  24:22
points 23:16
population 20:6
  20:12
portion 22:16
possession 24:18
post 24:3
potential 21:4
powers 24:17
ppa 17:24
predicated 18:2
preference 24:1,2
presentations
  16:25 17:3
preserve 24:6
pretty 15:7
previously 8:18
  9:1
price 10:12 11:22

principals 23:21
principle 23:7
prior 17:24
probably 21:21
problem 9:3
procedures 2:3
  8:13,14 9:18,22
  10:9 21:10 27:5
proceed 7:25
proceeded 10:1
proceedings 28:4
process 11:24
  12:1 16:16 21:9
  22:4 25:6
procuring 9:4
profit 19:12
program 8:9 9:13
  12:22,23 13:1
  14:5,9 15:6,21
  16:6 17:11,22,24
  17:25
programs 12:24
  14:8,15 17:8,14
  17:15,17,22
properties 9:8
  17:8,11,16,21
  20:10 21:19,23,25
  22:1 25:2
property 2:4,6,11
  7:21,23 8:5,8,18
  8:25 9:3,14 11:18
  11:25 12:12,25
  14:21 17:24 21:16
proposal 20:4
proposed 13:22
prosecuting 24:7
provider 19:5
  20:4
providers 16:17
  16:21 17:7 21:4
provides 20:4
providing 17:17

prudential 3:21
purchase 9:12,15
  10:12
purpose 22:17
put 16:19 17:3
  19:1 26:4

**q**

qualified 9:23,24
quickly 20:20
  22:11 23:15

**r**

r 1:21 3:1 6:1 28:1
ran 11:25
ratchets 13:19
rate 13:18
real 2:4,11 7:21
  8:5,24 12:25
  21:17
really 9:4 23:4
reasonable 11:23
  12:2
recall 12:25 16:18
  23:3
receive 9:19 12:3
received 9:8,9
  10:13 11:12,22
  16:18,20
receiving 19:23
record 28:4
redesignated
  22:16,18
reflect 19:15
reflects 19:15
reg 1:3
regard 19:3
rehabilitation
  14:5
relief 22:3
relocate 20:10
remaining 18:7
  21:12,15
remember 10:17
  11:13 24:10

remit 13:23
rent 13:20,20,21
  16:1
replace 13:23
report 16:15
represents 11:2
request 19:2
requests 16:20
  17:4
required 8:17
  9:21 10:8
requirements
  9:22
requires 13:22
residency 19:4
residential 2:11
  8:9 12:22 13:6
  14:3
residents 14:15
  16:7 17:11,14,15
  17:16 20:6
resolve 26:12
resources 17:5
respect 8:3 9:5
  11:25 17:5,20,22
  19:3 25:13
respective 16:25
responses 16:20
  19:23
retained 8:24
return 16:2
richard 4:13
right 9:5 12:7,14
  15:12 16:8,12
  18:24 23:17 24:18
  24:24 25:19 26:1
rights 19:5
risk 20:22
road 5:3 28:21
roadmap 25:16
robert 1:22
robin 3:16 7:14

rooms 14:4
ropes 3:18 7:4
rulings 27:3
run 17:12

**s**

s 2:7,13 3:1 5:7
  6:1
sale 2:3,5,5 7:20
  8:3,14,16,20 9:15
  11:19 21:8,21
  22:9 25:2,6
saying 19:2
scenes 25:4
scharf 4:21 6:14
  6:14,17 17:2
  23:15 24:13,20,25
  25:9,12,23,25
  26:2
scheduling 2:5
scope 24:15
second 8:11 10:22
  17:3 19:1 25:16
security 13:23,24
see 15:12 25:7
seek 8:19 11:17
seeking 8:13
seeks 13:22
seen 19:10
select 19:10
sell 12:4
separate 21:21
served 8:15 15:10
service 1:7 2:8,14
  3:19 6:3,19 7:5
services 2:12 3:12
  7:15
serving 22:17
set 9:18 17:3
setting 21:10
settlement 21:6
  22:11,14 23:2,4
seven 18:5

seventh 3:13
severance 23:2
sides 18:2
similar 22:17
  25:17
single 21:16
six 22:16
sold 14:16
solutions 28:20
sonya 2:25 28:3,8
sorry 7:7 9:25
  13:13 14:11 17:12
  21:18,24 24:3
south 4:10
space 8:6
spell 17:23 20:7
spigel 3:16 7:14
  7:15
spirited 10:2
spoke 22:15
square 8:6
stalking 9:16 21:4
stan 5:22 6:24
standing 23:19
standpoint 18:25
  20:1,3
stang 4:15
stank 6:14
state 4:2 7:1,9
  16:16,21 17:6,7
  17:17 18:10 19:5
  20:4 21:3,7
states 1:1,13 5:16
  6:25
status 2:1 7:24 8:1
  16:14,15 22:8
  26:5
statute 24:6
stays 16:4
stip 24:11
stipulation 23:18
  25:20

Case 8-17-08043-reg    Doc 29    Filed 09/13/18    Entered 09/13/18 23:25:16
Case 8-15-71074-reg    Doc 809    Filed 02/15/17    Entered 02/15/17 16:25:34

[stocking - worse]                                                        Page 8

stocking 8:22
strategies 13:4
strawn 3:3 7:11
street 3:20 4:3
strongly 20:4
subject 8:11 9:16
  21:21
submit 9:19 26:18
submitted 12:10
submitting 23:17
substantial 22:16
substantially 18:4
successful 8:21
  10:3,18
successfully 20:17
suite 28:22
supplemented
  11:1
support 17:18,21
  17:25
sure 8:2 15:12
  16:4,5 25:12

**t**

t 5:6 28:1,1
take 11:16 16:9
  20:17 23:10
tanya 21:20
taxes 13:21
tee 26:6
tele 7:5
telephonically 3:9
  3:16,24
tell 16:9
tenants 15:22
  19:7
term 12:21 13:2,4
  13:4,18 19:8 20:9
terminate 15:24
thank 6:23 12:19
  16:13 26:2,3,11
  26:17,18
they've 15:9

thing 23:16
things 12:13
  19:11 20:20
think 9:1 11:22
  14:22 16:14,23
  23:6 24:21 26:5
third 4:18 7:23
  8:7 9:2 15:1
thoroughly 19:25
throes 22:25
time 6:21 13:5
  24:7,18
timing 22:10
today 7:20 14:22
  15:23
tonya 21:20
touch 13:24
tower 3:21
towers 21:20
traditional 17:25
transcribed 2:25
transcript 28:4
transfer 24:15
transferred 8:9
  14:7,9
transfers 13:1
transpiring 16:16
tremendously
  21:2
tried 20:16
true 19:20 28:4
trustee 5:17 6:25
  24:16,17
try 24:18
trying 20:10,10
  23:1
turned 9:9,11
twice 26:7
two 7:20 23:12
  24:2

**u**

u.s. 1:23 5:17
ucp 17:10,13
ultimate 24:11
ultimately 9:5
  12:1 14:24 21:9
  22:9
uncertainty 13:3
underwater 18:6
underwent 12:1
unexpired 2:11
unfortunately
  24:4
unilaterally 15:25
union 22:11 23:2
  23:3
united 1:1,13 5:16
  6:25
units 14:12,13
unknown 1:25
unsecured 4:16
unsolicited 9:9
  16:18
updated 24:23
use 13:10

**v**

v 3:9
vacant 7:21 8:4
  9:6 14:21
vendee 9:12
venture 16:19
veritext 28:20
vetted 19:25
video 7:5

**w**

wall 4:3
want 12:11,17
  13:7 15:13 17:12
  22:3 26:3,4,4,6,6
  26:13
wants 15:8

warn 23:2
way 8:23 16:14
  19:15
ways 16:10
we've 13:24 14:7
  14:9 20:13 24:20
  24:21
week 23:12
weeks 22:13
weinberg 22:18
weinberg's 22:13
welfare 15:4,16
wellwood 4:10
weston 2:7,13 5:7
  6:4,5,7,10,12,12
  7:19 8:3 10:11,15
  10:20 11:1,5,9,11
  11:15,17 12:9,14
  12:16,19 13:12,17
  14:4,9,11,13,15
  14:17,20,25 15:3
  15:5,9,15,18,21
  16:1,5,11,13 17:7
  17:10,20 18:4,11
  18:13,18,21 19:18
  20:15,19,23 21:1
  21:13,15,24 22:1
  22:5,7,11,21,25
  23:11,14,16 25:20
  26:8,11,18
we'll 26:18
wild 5:1 6:7,13
willkie 3:11 7:15
wind 21:5
winning 11:17
winston 3:3 7:11
woman 26:16
word 11:16
words 10:21
  17:10
work 11:14
worse 23:6

**[would've - zoning]**

| |
|---|
| **would've** 11:5 22:23 |
| **x** |
| **x** 1:4,11 27:1 |
| **y** |
| **yang** 5:22 6:24,24 |
| **yeah** 10:15 11:15 18:21 22:7 |
| **year** 11:25 13:18 24:2 |
| **years** 15:13,15 |
| **york** 1:2,15 2:6 3:7,14 4:2,4,19 7:9 |
| **young** 14:4 |
| **youths** 14:6 |
| **z** |
| **ziehl** 4:15 |
| **ziel** 6:14 |
| **zoning** 9:2 11:23 |

| **Information to identify the case:** | | |
|---|---|---|
| Debtor | **Federation Employment and Guidance Service, Inc.** | EIN **13-1624000** |
| | Name | |
| United States Bankruptcy Court  Eastern District of New York 290 Federal Plaza Central Islip, NY 11722 | | Date case filed for Chapter **11: 3/18/15** |
| Case number:  **8-15-71074-reg** | | |

# NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

**NOTICE IS HEREBY GIVEN THAT:**

A transcript of the proceeding held on 2/6/17 was filed on 2/15/17.

The following deadlines apply:

The parties have until February 22, 2017 to file with the court a Notice of Intent to Request Redaction of this transcript. The deadline for filing a Transcript Redaction Request is March 8, 2017.

If a Transcript Redaction Request is filed, the redacted transcript is due March 20, 2017.

If no such Notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is May 16, 2017, unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber Veritext Legal Solutions at 888-706-4576 or you may view the document at the public terminal at the Office of the Clerk.

Dated: February 16, 2017

For the Court, Robert A. Gavin, Jr., Clerk of Court

BLnftrans2.jsp [Notice of Filing Transcript and Deadlines to Restriction and Redaction rev. 02/01/17]

## Notice Recipients

District/Off: 0207−8                    User: dcorsini                    Date Created: 2/16/2017
Case: 8−15−71074−reg                  Form ID: 295                      Total: 14

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| aty | Burton S Weston | bweston@garfunkelwild.com |
| aty | Carrie V Hardman | chardman@winston.com |
| aty | Frank A Oswald | frankoswald@teamtogut.com |
| aty | Ilan D Scharf | ischarf@pszyjw.com |
| aty | Jonathan Mark Agudelo | jonathan.agudelo@ropesgray.com |
| aty | Leslie A Berkoff | lberkoff@moritthock.com |
| aty | Richard F Artura | bankruptcy@pwqlaw.com |
| aty | Robin Spigel | rspigel@willkie.com |

TOTAL: 8

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | |
|---|---|---|---|---|
| db | Federation Employment and Guidance Service, Inc. | 445 Oak Street | Copiague, NY 11726 | |
| aty | Garfunkel Wild, P.C. | 111 Great Neck Road | 6th Floor | Great Neck, NY 11021 |
| aty | Garfunkel Wild, P.C. | 111 Great Neck Road | Great Neck, NY 11021 | |
| aty | Togut Segal & Segal LLP | One Penn Plaza | Suite 3335 | New York, NY 10119 |
| | Stan Yang | Attorney for US Trustee | 560 Federal Plaza | Central Islip NY 11722 |
| | Ligee Gu | Halperin Battaglia Benzija LLP | 40 Wall Street | 37th Floor   New York NY 10005 |

TOTAL: 6