**WROBEL MARKHAM LLP**
Michael J. Levin, Esq.
360 Third Avenue, 15th Floor
New York, N.Y. 10017
(212) 421-8100
mlevin@wmlawny.com

*Attorneys for Defendant Andrews International, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x    Case No. 15-710774 (reg)
In re:

Chapter 11

FEDERATION EMPLOYMENT AND
GUIDANCE SERVICE, INC. d/b/a/ FEGS.

                            Debtor.
-------------------------------------------------------------------x

ROBERT N. MICHAELSON, solely in his
capacity AS CREDITOR TRUSTEE OF
THE FEGS CREDITOR TRUST,                  Adv. Proc. No. 17-08043 (reg)


                         Plaintiff,

    -against-.

ANDREWS INTERNATIONAL, INC.,

                         Defendant.
-------------------------------------------------x

**<u>DEFENDANT'S REPORT AND STATEMENT OF POSITION WITH REGARD TO THE SOLVENCY OF THE DEBTOR FEDERAL EMPLOYMENT AND GUIDANCE SERVICE, INC. d/b/a FEGS.</u>**

        Defendant Andrews International, Inc. ("Andrews"), by its attorneys, Wrobel

Markham LLP, hereby makes this Report and Statement of Position with regard to the

solvency of the Debtor Federal Employment and Guidance Service, Inc., d/b/a FEGS ("FEGS"

or the "Debtor") during the 90 day period prior to the Debtor's filing of its petition in this Case

seeking relief under 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), pursuant to the Amended Stipulated Pretrial Order in this Proceeding, dated January 23, 2018.

The original Plaintiff in this adversary proceeding, the Official Creditors' Committee of FEGS (the "Committee"), filed its complaint against Andrews alleging that certain transfers by the Debtor to Andrews made during the 90 days prior to the filing of the Debtor's petition on March 18, 2015, are avoidable under § 547(b) of the Bankruptcy Code.

Assuming that Committee and the current Plaintiff have standing and capacity to bring and maintain this proceeding, under Bankruptcy Code §547(g) the burden of proof rests on the Plaintiff to prove by a preponderance of the evidence that the Debtor was insolvent during the 90 days prior to the filing of the Debtor's petition.

Section 547(b)(3) and(4)(A) of the Bankruptcy Code requires that an essential element that must be proven by a plaintiff seeking to avoid a transfer is that the transfer was made, "while the debtor was insolvent; [and]…made on or within 90 days before the date of the filing of the petition [commencing the case on March 18, 2015]."

"Section 101(32) of the Bankruptcy Code defines "insolvent" as follows:

The term "insolvent" means--

(A)  with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of--

(i)  property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title ;"

During discovery in this proceeding, Andrew served on the Committee "Defendant Andrews International, Inc.'s First Set of document Requests" ("Andrews' Document Request"), Request No. 10 of which requested:

**DOCUMENT REQUEST NO.10**

All documents in the possession, custody or control of the Committee reflecting, indicating, concerning or forming the basis for belief that the Debtor was insolvent at any time during the period from May 18, 2014 to May 18, 2015 [the date on which the Debtor filed its petition in this case]"

On November 8, 2017, the Committee served on Andrews' counsel, "Plaintiff's Response to Defendant's First Set of Document Requests," which contained the following response to Andrews' "Document Request No. 10":

**"RESPONSE TO DOCUMENT REQUEST NO. 10**

Subject to and without waiving the above-stated General Objections, Plaintiff objects to this document request on the grounds that it is compound, overbroad, burdensome and oppressive, misstates the Petition Date and Plaintiffs contention, and is not calculated to lead to the discovery of admissible evidence such that it is burdensome, harassing and oppressive.
Plaintiff further objects to this Document Request to the extent it calls for a legal opinion and expert testimony prior to the designation of deadlines as set forth in the applicable Scheduling Order issued by the Court. Moreover, Plaintiff objects to this Document Request to the extent that it seeks documents that are privileged or exempt from discovery under the attorney-client communication privilege, work product doctrine. Without waiving said objection [sic], *Plaintiff references Defendant to the Federation Employment and Guidance Service Claims Docket and claims maintained by Rust Consulting, and the bankruptcy documents on file in the main bankruptcy case including, but not limited to, the Schedules and SOFA's, First Day Motions, Plan and Disclosure Statement as well as the documents produced herein.*" (emphasis supplied).

None of the documents *referred to* by the Committee in its "Response to Document Request No.10 indicates, reflects or evidences that the Debtor was insolvent, as that term is defined in §101(32) of the Bankruptcy Code, from May 18, 2014 to May 18, 2015.

None of the documents *produced to Andrews by the Committee* pursuant to its

3

"Response to Document Request No.10—*or at any time*-- indicates, reflects or evidences that the Debtor was insolvent, as that term is defined in §101(32) of the Bankruptcy Code, May 18, 2014 to May 18, 2015.

The Committee refused to produce any documents in its possession, custody or control "reflecting, indicating, concerning or forming the basis for belief that the Debtor was *solvent* at any time during the period from May 18, 2014 to May 18, 2015." *See* Andrews' Request No.12 and the Committee's response thereto.

In fact, *all* of the Debtor's balance sheets, *including all* that the Debtor has filed in this Court in this case, reflect that the Debtor had a very substantial positive net worth at the time of the filing of its petition on March 18, 2015.

Andrews' counsel has been advised by counsel for the Committee and for the present Plaintiff that Plaintiff will rely on the *presumption* of insolvency provided by §547(f) of the Bankruptcy Code, which provides: "(f) For the purposes of this section [§547], the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

However, the presumption of §547(f), as is an *evidentiary* presumption, and is true of all evidentiary presumptions, it is rebuttable by other evidence. Fed. R. Evid. 301.  Here, the Debtor's own filings in this Chapter 11 Case have repeatedly represented that on the petition date, March 18, 2015, the Debtor was solvent on a balance sheet test   As an example, the Debtor's Balance Sheet filed in this Case on May 26, 2015, contained in the Debtor's first Monthly Operating Report [Dkt. 248] showed that on the petition date the Debtor had assets of $138,274,505.88, liabilities of $99,344,416, and a *positive* net worth of $38,930,091.

The United States Court of Appeals for the Second Circuit in *Lawson v. Ford Motor Co. (In re Roblin Indus.)*, 78 F.3d 30, 34 (2d.Cir.1996), held that that the presumption of

insolvency provided by §547(f), is an evidentiary presumption, "which is a rebuttable one. A creditor may rebut the presumption by introducing some evidence that the debtor was not in fact insolvent at the time of the [challenged] transfer. If the creditor introduces such evidence, then the trustee must satisfy its burden of proof of insolvency by a preponderance of the evidence. *See Clay v. Traders Bank of Kansas City*, 708 F.2d 1347,1351 (8th Cir.1983)(presumption affords initial benefit but ultimate burden remains on trustee to prove insolvency); *Nugent v. First American Bank,* No.91-CV-1410, 1992 U.S. Dist.LEXIS 12147, 1992 WL 200635, at *3 (N.D.N.Y. Aug.12, 1992)."

The Second Circuit in *Roblin* also recognized that a debtor's schedules of assets and liabilities filed by it in its bankruptcy case may be sufficient to rebut §547(f)'s presumption of insolvency, as the bankruptcy judge in that case evidently did. 78 F.3d at 36.

The quantum of proof required to rebut the §547(f) presumption is not great. As the court said in *In re Affinity Health Care Mgt., Inc.*, 499 B.R. 246, 257 (D.Conn.2013), "The presumption of insolvency may be rebutted if the debtor's schedules submitted in support of its bankruptcy petition indicate that assets exceed liabilities. . . . ."

Thus, 18 months ago, the court in *Lanik v. Smith (In re Cox Motor Express of Greensboro, Inc.,* 2016 Bankr. LEXIS 2913 (M.D.N.C. Aug. 9, 2016) held that §547(f)'s presumption of insolvency was rebutted by a debtor's filings of statements of its financial condition in its bankruptcy case, stating, "Based on a showing of solvency on the Debtor's bankruptcy schedules, the [§547(b)] Defendant has sufficiently rebutted the presumption of insolvency during the 90-Day Preference Period. It is therefore the Trustee's burden at trial to prove the insolvency of the Debtor at time of the transfers during the Preference Period." *Id.* at *31.

Andrews thus submits that the presumption of insolvency of §547(f) is rebutted and is not a substitute for proof of FEGS' insolvency at any time during the 90 days prior to the filing of the petition in this Case.

The Plaintiff in this case (assuming he has standing) must prove the Debtor's insolvency by a preponderance of admissible evidence at trial—unaided by any presumption.

.

Dated: New York, N.Y.
April 10, 2018

**WROBEL MARKHAM, LLP**

By: s/  Michael J. Levin
Michael J. Levin, Esq.
360 Lexington Avenue,
15th Floor
New York, N.Y. 10017
Tel: (212) 421-8100
Email: Mlevin@wmlawny.com

*Attorneys for Defendant Andrews International, Inc.*

TO: **PACHULSKI STANG ZIEHL & JONES LLP**
Ilan D. Scharf, Esq.
Jeffrey Nolan, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017
Tel.: (212) 561-7700
Email:  ischarf@pszjlaw.com
jnolan@pszjlaw.com
*Attorneys for Plaintiff*